**JENNY L. FOLEY, Ph.D., ESQ.**
Nevada Bar No.: 9017
E-mail:jfoley@hkm.com
**MARTA D. KURSHUMOVA, ESQ.**
Nevada Bar No.: 14728
E-mail:mkurshumova@hkm.com
**HKM EMPLOYMENT ATTORNEYS LLP**
1785 East Sahara, Suite 300
Las Vegas, Nevada 89104
Tel.:    (702) 805-8340
Fax:    (702) 625-3893
*Counsel for Plaintiffs*
*~AND~*
**STUEVE SIEGEL HANSON LLP**
**GEORGE A. HANSON, ESQ.**, *pro hac vice* application forthcoming
Missouri Bar No.: 43450
E-mail: hanson@stuevesiegel.com
**ALEXANDER T. RICKE, ESQ.**, *pro hac vice* application forthcoming
Missouri Bar No.: 65132
E-mail:ricke@stuevesiegel.com
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel.:    (816) 714-7100
Fax:    (816) 714-7101
*Counsel for Plaintiffs*
*~AND~*
**ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| **KRYSTAL LOCKETT, AMBER L. CASWELL, JACQUELINE DAVIS, DAVID C. DEVUN JR., TABATHA K. DOZIER, SETH B. ISTRE, RACAL JOHNSON, CYNTHIA J. KOFRON, TONISHA S. LONZO, NATHAN J. MCDERMOTT, JEREMY MITCHELL, LAURA PEREZ, WAYNE SHEFFIELD JAMAICA S. YOUNG, individually, and on behalf of all others similarly situated,**<br><br>        Plaintiffs,<br><br>v. | **CASE NO.**<br><br>**PLAINTIFFS' CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY DEMAND** |

Case 4:19-cv-00358-GAF   Document 1   Filed 02/21/19   Page 1 of 75

PINNACLE ENTERTAINMENT, INC.,

AMERISTAR CASINO COUNCIL BLUFFS, LLC D/B/A AMERSITAR COUNCIL BLUFFS,

AMERISTAR CASINO EAST CHICAGO, LLC D/B/A AMERISTAR EAST CHICAGO,

CATCUS PETE'S, LLC D/B/A CACTUS PETE'S RESORT CASINO,

LOUISIANA-I GAMING, A LOUISIANA PARNTERNSHIP IN COMMENDAM D/B/A BOOMTOWN NEW ORLEANS

PNK (BATON ROUGE) PARTNERSHIP D/B/A L'AUBERGE BATON ROUGE,

PNK (BOSSIER CITY), L.L.C. D/B/A BOOMTOWN BOSSIER CITY,

PNK (LAKE CHARLES), L.L.C. D/B/A L'AUBERGE LAKE CHARLES,

PNK (RIVER CITY), LLC D/B/A RIVER CITY,

PNK VICKSBURG, LLC D/B/A AMERISTAR VICSBURG,

WASHINGTON TROTTING ASSOCIATION, LLC D/B/A THE MEADOWS,

Defendants.

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiffs Krystal Lockett, Amber L. Caswell, Jacqueline Davis, David C. DeVun, Jr.,

Tabatha K. Dozier, Seth B. Istre, Racal Johnson, Cynthia J. Kofron, Tonisha S. Lonzo,

Nathan J. McDermott, Jeremy Mitchell, Laura Perez, Wayne Sheffield and Jamaica S. Young

(collectively, "Plaintiffs"), individually, and on behalf of all others similarly situated, bring this Class and Collective Action Complaint against Defendants Pinnacle Entertainment, Inc. ("Pinnacle") and its subsidiary casinos (collectively, "Defendants"), and hereby state and allege as follows:

**INTRODUCTION**

1. Plaintiffs and all other similarly situated employees currently work or previously worked for Pinnacle at one (or more) of Pinnacle's subsidiary casinos in Indiana, Iowa, Louisiana, Missouri, Mississippi, Nevada, or Pennsylvania. Plaintiffs were each jointly employed by both Pinnacle and the Pinnacle casino subsidiary that directly owned and operated the casino at which they worked.

2. Pursuant to their company-wide policies, procedures, and practices, Defendants failed to pay Plaintiffs, and other similarly situated employees, the mandated federal minimum wage and, in some situations, state minimum wage rate for all hours worked in a single workweek.

3. In particular, Defendants operated an illegal tip pool for tipped employees. Defendants required tipped employees to participate in the tip pool and then improperly allocated funds from the tip pool to manager and supervisor employees who are not customarily tipped employees and who are not permitted to participate in the tip pool. Because Defendants operated an illegal tip pool, Defendants are not permitted to take a tip credit against their obligation to pay these tip pool participants minimum wage. As a result, Defendants are liable to these tip pool participants for the full minimum wage for each hour worked, all wrongfully withheld tips, an equal amount of liquidated damages, and attorneys' fees and costs.

4. Defendants also made improper deductions from their employees' paychecks for gaming license fees and other deductions which reduced their employees' compensation below the required minimum wage and, in some situations, overtime rate under state and federal law for all hours worked. These gaming license fees are primarily for the benefit of Defendants in that Defendants cannot operate their casinos without them. Further, Plaintiffs are unable to transfer their gaming licenses across state lines if they move to another casino. As a result, for each such workweek where an employee was paid below the federal and/or state minimum wage, Defendants are liable to these employees for the full minimum wage, an equal amount of liquidated damages, and attorneys' fees and costs (as well as remedies available under various states' laws).

5. Defendants' systemic violations of federal and state wage laws were willful and emanated from Pinnacle's corporate headquarters in Las Vegas, Nevada. Pinnacle, with its subsidiary casinos, set these policies in Las Vegas, Nevada and then applied them to their centralized payroll center at their corporate headquarters in Las Vegas, Nevada.

6. Plaintiffs, on behalf of themselves individually and all others similarly situated, bring this lawsuit as: (a) a collective action under the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. § 201, *et seq*., to recover unpaid minimum and overtime wages owed to Plaintiffs and all other similarly situated workers employed by Defendants; and (b) Rule 23 class actions under Iowa, Missouri, Nevada, and Pennsylvania law that arise from the same common nucleus of operative fact.

//

//

//

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction over this case on the basis of federal question jurisdiction, the Class Action Fairness Act, and the Court's supplemental jurisdiction over claims arising from the same case or controversy.

8.     First, the FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions.  Federal question jurisdiction over the FLSA claims of Plaintiffs and all others similarly situated is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

9.     Second, this case involves multiple classes (*see* Counts III-IX) of more than 100 class members and in excess of $5,000,000 in controversy (exclusive of interest and costs) where members of the class are of diverse citizenship from the Defendants.  Diversity jurisdiction over this case exists pursuant to 28 U.S.C. § 1332(d).

10.     Third, supplemental jurisdiction over the state law claims of Plaintiffs and all others similarly situated exists based on 28 U.S.C. § 1367 in that such state law claims are so related to the FLSA claims that they form part of the same case or controversy.

11.     Personal jurisdiction exists over the Plaintiffs' claims as against Pinnacle because Pinnacle's principal place of business is located within the District of Nevada.

12.     Personal jurisdiction exists over the Plaintiffs' claims as against the respective Pinnacle casino subsidiaries that acknowledged employing Plaintiffs because the acts giving rise to Plaintiffs' claims occurred within the District of Nevada.  First, the Pinnacle casino subsidiaries availed themselves of the laws of the State of Nevada by working with their parent company, Pinnacle, to make all payroll policy decisions and actually process all payroll for Plaintiffs in Las Vegas, Nevada.  At all relevant times, Pinnacle, with the knowledge and

Case 4:19-cv-00358-GAF   Document 1   Filed 02/21/19   Page 5 of 75

consent of its subsidiary casinos, has made the deductions at issue in this litigation from the Plaintiffs' wages at Pinnacle's operational headquarters in Las Vegas, Nevada. At all relevant times, Plaintiffs' wages and payroll were calculated (including the deductions at issue) and then issued from Pinnacle's operational headquarters in Las Vegas, Nevada. Second, upon information and belief, the decisions at issue in this litigation (the illegal tip pooling and gaming license fee deductions explained within at Paragraphs 44-57) were made between Pinnacle and its respective subsidiary casinos in Las Vegas, Nevada. Because the specific conduct giving rise to Plaintiffs' claims occurred in Las Vegas, Nevada, it is reasonable for this Court to exercise personal jurisdiction over Pinnacle's subsidiary casinos, which have, as explained above, availed themselves of the laws of the State of Nevada.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) and (b) because all Defendants are residents of the State of Nevada and a substantial part of the events or omissions giving rise to the claims set forth herein occurred in this judicial district.

**THE PARTIES**

**THE NAMED PLAINTIFFS**

14. Plaintiff Krystal Lockett is a resident of the State of Nebraska. From approximately September 2014 through the present, Plaintiff Lockett has been employed as a table games dealer by Defendant Pinnacle Entertainment, Inc. and Defendant Ameristar Casino Council Bluffs, LLC d/b/a Ameristar Council Bluffs at a casino property located in Council Bluffs, Iowa. Plaintiff Lockett's Consent to Be a Party Plaintiff pursuant to 29 U.S.C. § 216(b) is attached as **Exhibit 1.**

15. Plaintiff Nathan J. McDermott is a resident of the State of Pennsylvania. From approximately April 2016 until August 2017, Plaintiff McDermott was employed as a table

games dealer by Defendant Pinnacle Entertainment, Inc. and Defendant Washington Trotting Association, LLC d/b/a The Meadows at a casino property located in Washington, Pennsylvania. Plaintiff McDermott's Consent to Be a Party Plaintiff pursuant to 29 U.S.C. § 216(b) is attached as **Exhibit 2**.

16. Plaintiff Tabatha K. Dozier is a resident of the State of Mississippi. From approximately May 2016 until April 2018, Plaintiff Dozier was employed as a table games dealer by Defendant Pinnacle Entertainment, Inc. and Defendant PNK Vicksburg, LLC d/b/a Ameristar Vicksburg at a casino property located in Vicksburg, Mississippi. Plaintiff Dozier's Consent to Be a Party Plaintiff pursuant to 29 U.S.C. § 216(b) is attached as **Exhibit 3**.

17. Plaintiff Amber L. Caswell is a resident of the State of Nevada. From approximately April 2015 until November 2017, Plaintiff Caswell was employed as a table games dealer by Defendant Pinnacle Entertainment, Inc. and Defendant Cactus Pete's, LLC d/b/a Cactus Pete's Resort Casino at a casino property located in Jackpot, Nevada. Plaintiff Caswell's Consent to Be a Party Plaintiff pursuant to 29 U.S.C. § 216(b) is attached as **Exhibit 4.**

18. Plaintiff David C. DeVun, Jr. is a resident of the State of Louisiana. From approximately September 2012 until December 2017, Plaintiff DeVun was employed as a table games dealer by Defendant Pinnacle Entertainment, Inc. and Defendant PNK (Baton Rouge) Partnership d/b/a L'Auberge Baton Rouge at a casino property located in Baton Rouge, Louisiana. Plaintiff DeVun's Consent to Be a Party Plaintiff pursuant to 29 U.S.C. § 216(b) is attached as **Exhibit 5.**

19.	Plaintiff Tonisha S. Lonzo is a resident of the State of Louisiana. From approximately June 2013 until May 2018, Plaintiff Lonzo was employed as a table games dealer by Defendant Pinnacle Entertainment, Inc. and Defendant Louisiana-I Gaming, a Louisiana Partnership in Commendam, d/b/a Boomtown New Orleans at a casino property located in New Orleans, Louisiana.  Plaintiff Lonzo's Consent to Be a Party Plaintiff pursuant to 29 U.S.C. § 216(b) is attached as **Exhibit 6.**

20.	Plaintiff Seth B. Istre is a resident of the State of Louisiana. From approximately April 2005 until July 2018, Plaintiff Istre was employed as a table games dealer by Defendant Pinnacle Entertainment, Inc. and Defendant PNK (Lake Charles), L.L.C. d/b/a L'Auberge Lake Charles at a casino property located in Lake Charles, Louisiana. Plaintiff Istre's Consent to Be a Party Plaintiff pursuant to 29 U.S.C. § 216(b) is attached as **Exhibit 7**.

21.	Plaintiff Jeremy Mitchell is a resident of the State of Indiana.  From approximately September 2015 until March 2018, Plaintiff Mitchell was employed as a table games dealer by Defendant Pinnacle Entertainment, Inc. and Defendant Ameristar Casino East Chicago, LLC d/b/a Ameristar East Chicago at a casino property located in East Chicago, Indiana.  Plaintiff Mitchell's Consent to Be a Party Plaintiff pursuant to 29 U.S.C. § 216(b) is attached as **Exhibit 8.**

22.	Plaintiff Jacqueline Davis is a resident of the State of Louisiana.  From approximately 1996 through the present, Plaintiff Davis has been employed as a table games dealer by Defendant Pinnacle Entertainment, Inc. and Defendant PNK (Bossier City), L.L.C. d/b/a Boomtown Bossier City at a casino property located in Bossier City, Louisiana.

Case 4:19-cv-00358-GAF   Document 1   Filed 02/21/19   Page 8 of 75

Plaintiff Davis' Consent to Be a Party Plaintiff pursuant to 29 U.S.C. § 216(b) is attached as **Exhibit 9.**

23.     Plaintiff Jamaica S. Young is a resident of the State of Iowa.   From approximately May 2016 through the present, Plaintiff Young has been employed as a table games dealer by Defendant Pinnacle Entertainment, Inc. and Defendant Ameristar Casino Council Bluffs, LLC at a casino property located in Council Bluffs, Iowa.  Plaintiff Young's Consent to Be a Party Plaintiff pursuant to 29 U.S.C. § 216(b) is attached as **Exhibit 10.**

24.     Plaintiff Laura Perez is a resident of the State of Indiana.  From approximately March 2015 through March 2017, Plaintiff Perez was employed as a table games dealer by Defendant Pinnacle Entertainment, Inc. and Defendant Ameristar Casino East Chicago, LLC at a casino property located in East Chicago, Indiana.  Plaintiff Perez's Consent to Be a Party Plaintiff pursuant to 29 U.S.C. § 216(b) is attached as **Exhibit 11.**

25.     Plaintiff Cynthia J. Kofron is a resident of the State of Missouri.  From approximately February 2010 through February 2018, Plaintiff Kofron was employed as a table games dealer by Defendant Pinnacle Entertainment, Inc. and Defendant PNK (River City), LLC at a casino property located in Lemay (South St. Louis County), Missouri.  Plaintiff Kofron's Consent to Be a Party Plaintiff pursuant to 29 U.S.C. § 216(b) is attached as **Exhibit 12.**

26.     Plaintiff Racal Johnson is a resident of the State of Louisiana.   From approximately July 2015 through February 2018, Plaintiff Johnson was employed as a table games dealer by Defendant Pinnacle Entertainment, Inc. and Defendant PNK (Bossier City), L.L.C. d/b/a Boomtown Bossier City at a casino property located in Bossier City, Louisiana.

Plaintiff Davis' Consent to Be a Party Plaintiff pursuant to 29 U.S.C. § 216(b) is attached as **Exhibit 13.**

27. Plaintiff Wayne Sheffield is a resident of the State of Nebraska. From approximately June 2013 through the present, Plaintiff Sheffield has been employed as a table games dealer by Defendant Pinnacle Entertainment, Inc. and Defendant Ameristar Casino Council Bluffs, LLC d/b/a Ameristar Council Bluffs at a casino property located in Council Bluffs, Iowa. Plaintiff Sheffield's Consent to Be a Party Plaintiff pursuant to 29 U.S.C. § 216(b) is attached as **Exhibit 14.**

## DEFENDANTS

28. Defendant Pinnacle Entertainment, Inc. is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 3980 Howard Hughes Parkway, Las Vegas, Nevada 89169. Pinnacle is registered to do business and does business in the State of Nevada. According to its 2017 Form 10-K filed with the Securities and Exchange Commission, Pinnacle owns and operates each of the subsidiary casino entities discussed in Paragraphs 29-38.[1] Pinnacle is resident of both Delaware and Nevada.

29. Defendant Ameristar Casino Council Bluffs, LLC is a limited liability company organized under the laws of the State of Iowa. Ameristar Casino Council Bluffs, LLC owns and operates Ameristar Council Bluffs, which is a casino located in Council Bluffs, Iowa. Ameristar Casino Council Bluffs, LLC is owned, operated, and controlled by

---

[1] https://investors.pnkinc.com/static-files/4cb00786-13e3-425d-af7c-4a8cddb88f4e (last visited February 20, 2019).

Pinnacle Entertainment, Inc. Upon information and belief, Ameristar Casino Council Bluffs, LLC is a resident of both Delaware and Nevada.

30. Defendant Ameristar Casino East Chicago, LLC is a limited liability company organized under the laws of the State of Indiana. Ameristar Casino East Chicago, LLC owns and operates Ameristar East Chicago, which is a casino located in East Chicago, Indiana. The sole member of Ameristar Casino East Chicago, LLC is Ameristar East Chicago Holdings, LLC, which is a limited liability company organized under the laws of the State of Indiana. The sole member of Ameristar East Chicago Holdings, LLC is Pinnacle MLS, LLC. Pinnacle MLS, LLC is a Delaware limited liability company and its sole member is Pinnacle Entertainment, Inc. Ameristar Casino East Chicago, LLC is owned, operated, and controlled by Pinnacle Entertainment, Inc. Ameristar Casino East Chicago, LLC is a resident of both Delaware and Nevada.

31. Defendant Cactus Pete's, LLC is a limited liability company organized under the laws of and registered to do business in the State of Nevada. Cactus Pete's, LLC owns and operates Cactus Pete's Resort Casino, which is a casino located in Jackpot, Nevada. Upon information and belief, Pinnacle MLS, LLC is the sole member of Cactus Pete's, LLC. Pinnacle MLS, LLC is a Delaware limited liability company and its sole member is Pinnacle Entertainment, Inc. Cactus Pete's, LLC is owned, operated, and controlled by Pinnacle Entertainment, Inc. Cactus Pete's, LLC is a resident of both Delaware and Nevada.

32. Defendant Louisiana-I Gaming is a Louisiana Partnership in Commendam. Louisiana-I Gaming owns and operates Boomtown New Orleans, which is a casino located in Harvey, Louisiana. Louisiana-I Gaming has two partners: Boomtown, LLC and Pinnacle MLS, LLC. Boomtown, LLC and Pinnacle MLS, LLC are both Delaware limited liability

companies and the sole member of each is Pinnacle Entertainment, Inc. Louisiana-I Gaming is owned, operated, and controlled by Pinnacle Entertainment, Inc. Louisiana-I Gaming is a resident of both Delaware and Nevada.

33. Defendant PNK (Baton Rouge) Partnership is a partnership organized under the laws of the State of Louisiana. PNK (Baton Rouge) Partnership owns and operates L'Auberge Baton Rouge, which is a casino located in Baton Rouge, Louisiana. PNK (Baton Rouge) Partnership has two partners: PNK Development 9, LLC and PNK Development 8, LLC. PNK Development 9, LLC and PNK Development 8, LLC are both Delaware limited liability companies and the sole member of each is Pinnacle MLS, LLC. Pinnacle MLS, LLC is a Delaware limited liability company and its sole member is Pinnacle Entertainment, Inc. PNK (Baton Rouge) Partnership is owned, operated, and controlled by Pinnacle Entertainment, Inc. PNK (Baton Rouge) Partnership is a resident of both Delaware and Nevada.

34. Defendant PNK (Bossier City), L.L.C. is a limited liability company organized under the laws of the State of Louisiana. PNK (Bossier City), L.L.C. owns and operates Boomtown Bossier City, which is a casino located in Bossier City, Louisiana. According to the Louisiana Secretary of State, PNK (Bossier City), L.L.C.'s mailing address is 3980 Howard Hughes Parkway, Las Vegas, Nevada 89169. In addition, PNK (Bossier City), L.L.C.'s sole member is an entity called Casino Magic, LLC, which is located at 3980 Howard Hughes Parkway, Las Vegas, Nevada 89169. PNK (Bossier City), L.L.C. is owned, operated, and controlled by Pinnacle Entertainment, Inc. Upon information and belief, PNK (Bossier City), L.L.C. is a resident of both Delaware and Nevada.

35. Defendant PNK (Lake Charles), L.L.C. is a limited liability company organized under the laws of the State of Louisiana. PNK (Lake Charles), L.L.C. owns and operates L'Auberge Lake Charles, which is a casino located in Lake Charles, Louisiana. According to the Louisiana Secretary of State, PNK (Lake Charles), L.L.C.'s mailing address is 3980 Howard Hughes Parkway, Las Vegas, Nevada 89169. Pinnacle MLS, LLC is the sole member of PNK (Lake Charles), L.L.C. Pinnacle MLS, LLC is a Delaware limited liability company and its sole member is Pinnacle Entertainment, Inc. PNK (Lake Charles), L.L.C. is owned, operated, and controlled by Pinnacle Entertainment, Inc. PNK (Lake Charles), L.L.C. is a resident of both Delaware and Nevada.

36. Defendant PNK (River City), LLC is a limited liability company organized under the laws of the State of Missouri. PNK (River City), LLC owns and operates River City, which is a casino located in Lemay, Missouri (in South St. Louis County, Missouri). According to the Missouri Secretary of State, PNK (River City), LLC's mailing address is 3980 Howard Hughes Parkway, Las Vegas, Nevada 89169. Upon information and belief, Pinnacle MLS, LLC is the sole member of PNK (River City), LLC. Pinnacle MLS, LLC is a Delaware limited liability company and its sole member is Pinnacle Entertainment, Inc. PNK (River City), LLC is owned, operated, and controlled by Pinnacle Entertainment, Inc. Upon information and belief, PNK (River City), LLC is a resident of both Delaware and Nevada.

37. Defendant PNK Vicksburg, LLC is a limited liability company organized under the laws of the State of Mississippi. PNK Vicksburg, LLC owns and operates Ameristar Casino Vicksburg, which is a casino located in Vicksburg, Mississippi. According to the Mississippi Secretary of State, PNK Vicksburg, LLC's principal office address is 3980 Howard Hughes Parkway, Las Vegas, Nevada 89169. Pinnacle MLS, LLC is the sole

member of PNK Vicksburg, LLC. Pinnacle MLS, LLC is a Delaware limited liability company and its sole member is Pinnacle Entertainment, Inc. PNK Vicksburg, LLC is owned, operated, and controlled by Pinnacle Entertainment, Inc. PNK Vicksburg, LLC is a resident of both Delaware and Nevada.

38. Defendant Washington Trotting Association, LLC is a limited liability company organized under the laws of the State of Delaware. Washington Trotting Association, LLC owns and operates The Meadows, which is a racetrack and casino located in Washington, Pennsylvania. PNK Development 33, LLC is the sole member of Washington Trotting Association, LLC. PNK Development 33, LLC is a Delaware limited liability company and its sole member is Pinnacle Entertainment, Inc. Washington Trotting Association, LLC is owned, operated, and controlled by Pinnacle Entertainment, Inc. Washington Trotting Association, LLC is a resident of both Delaware and Nevada.

39. At all relevant times, each Defendant is or has been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. § 203(s)(1), and, upon information and belief, has had an annual gross volume of sales made or business done of not less than $500,000.

## PINNACLE EMPLOYED EACH PLAINTIFF

40. Pinnacle operates a hub and spoke employment structure whereby, Pinnacle, at the operational center of the wheel, has spokes leading out to each of its individual casino subsidiaries (each Defendant other than Pinnacle is one of Pinnacle's subsidiary casinos). By design, each individual casino Defendant is the acknowledged employer of the employees, like Plaintiffs, who physically work at that casino property. However, in reality, from its position at the operational center of this structure, Pinnacle operates its casinos and instructs

Case 4:19-cv-00358-GAF   Document 1   Filed 02/21/19   Page 14 of 75

its subsidiary casinos on how and when to execute all manner of employment policies. The subsidiary casino Defendants must and do follow Pinnacle's operational instructions. Due to the pervasive control Pinnacle has exercised and continues to exercise over the employees at each of its casinos (both directly and indirectly), Pinnacle is a joint employer of Plaintiffs and all others similarly situated, along with each respective subsidiary casino Defendant.

41.    There is no material difference between the manner in which Pinnacle treats each of the subsidiary casino Defendants or the Plaintiffs who work at each subsidiary Defendant's casino property. Each of the subsidiary casino Defendants is akin to a regional office of Pinnacle's nationwide gaming operation with Pinnacle in control and directing the policies and procedures across the country.

42.    At all relevant times, Pinnacle, with and through the respective subsidiary casino Defendant where each Plaintiff worked, jointly employed each Plaintiff (and other similarly situated employees) because:

> a.    Pinnacle, with and through the respective subsidiary casino Defendant where each Plaintiff worked, had the power to and exercised control over the hiring and firing of Plaintiffs and all other similarly situated employees;

> b.    Pinnacle, with and through the respective subsidiary casino Defendant where each Plaintiff worked, had the right to and did supervise the work schedules, conditions of employment, and the manner in which of Plaintiffs and all other similarly situated employees performed their jobs;

c. Pinnacle, with and through the respective subsidiary casino Defendant where each Plaintiff worked, determined the rate and method of payment for Plaintiffs and all other similarly situated employees; and

d. Pinnacle, with and through the respective subsidiary casino Defendant where each Plaintiff worked, maintained employment records for Plaintiffs and all other similarly situated employees.

43. At all times relevant to this action, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## **NATURE OF THE CLAIMS**

### **Illegal Tip Pool Under the FLSA**

44. Pinnacle, with and through the respective subsidiary casino Defendant where each Plaintiff worked, employed each Plaintiff and all other similarly situated employees and required them to participate in a tip pool. Plaintiffs and all other similarly situated employees were required to contribute their tips to the tip pool.

45. An employer may, in certain circumstances, take a "tip credit" toward its minimum wage obligations for tipped employees. Pursuant to the explicit language of the FLSA, a tip credit may not be taken "with respect to any tipped employee unless such employee has been informed by the employer of the provisions of [29 U.S.C. § 203(m)], and all tips received by such employee have been retained by the employee, except that this subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips." *See* 29 U.S.C. § 203(m)(2)(A)(ii).

Case 4:19-cv-00358-GAF    Document 1    Filed 02/21/19    Page 16 of 75

46.    Importantly, "an employer may not keep tips by its employees for any purposes, **including allowing managers or supervisors to keep any portion of employees' tips**, regardless of whether or not the employer takes a tip credit." *See* 29 U.S.C. 203(m)(2)(B) (emphasis added).

47.    Defendants required Plaintiffs and all similarly situated table games dealers to participate in a tip pool. However, because Defendants operated an illegal tip pool, Plaintiffs and all similarly situated table games dealers are entitled to all of the wrongfully diverted tips as well as the full minimum wage for each hour worked because Defendants were not eligible to claim a tip credit against their obligation to pay minimum wage under the FLSA.

48.    Plaintiffs are all current or former table games dealers at Defendants' casinos. Defendants required Plaintiffs and all similarly situated employees to contribute their tips into a pool. However, Defendants operated an illegal tip pool for two reasons. Defendants employ a category of employees who have dual jobs: table games dealer and floor supervisor. These employees are known colloquially as "dual rate" employees, which is a reference to their "dual" rates of pay: one rate of pay as a table games dealer and another rate of pay as a floor supervisor. On the one hand, dual rates are paid a base hourly wage plus tips from the tip pool when working as table games dealers. On the other hand, dual rates are paid a higher base wage and are not permitted to accept or participate in the tip pool when working as floor supervisors. These dual rate employees accrue paid time off ("PTO"), bereavement leave, and sick leave for time spent working in both jobs. However, during the relevant period, all of their PTO is (or was) paid at their dealer rate including receiving a corresponding share of tips from the tip pool based on their PTO hours. Dual rates are similarly compensated out of the tip pool for bereavement leave, and, upon information and belief, other types of pay.

Case 4:19-cv-00358-GAF    Document 1    Filed 02/21/19    Page 17 of 75

49.     As their title suggests, dual rates, when acting as floor supervisors, are management or supervisory employees within the meaning of the FLSA. The primary duty of dual rates, when acting as floor supervisors, is supervising table games dealers and operation of table games, which is managerial and supervisory in nature. When acting as floor supervisors, dual rates customarily and regularly direct the work and performance of two or more table games dealers. Likewise, dual rates, when acting as floor supervisors, regularly provide performance feedback for table games dealers that has an impact on table games dealers' compensation and performance reviews. Further, when acting as floor supervisors, dual rates are not permitted to participate in the tip pool and they do not contribute to the tip pool. However, as explained above, the PTO accrued from their role as a manager and supervisor is paid out of the tip pool.

50.     This arrangement constitutes an illegal tip pool because Defendants are retaining tip pool funds to pay managers and supervisors and because Defendants are allowing employees who do not customarily and regularly receive tips to participate in the tip pool.

51.     Because Defendants operate an illegal tip pool, they are liable to Plaintiffs and other similarly situated employees for several categories of damages. First, Defendants are liable to Plaintiffs and other similarly situated employees for the amount of the wrongfully diverted tips. Second, Defendants may not claim a tip credit against their obligation to pay Plaintiffs and other similarly situated employees the federal minimum wage and, therefore, are liable to Plaintiffs and other similarly situated employees for the difference between the federal minimum wage and each employee's direct wage (not counting tips). Third, Defendants are liable to Plaintiffs and other similarly situated employees for an equal amount

of the first two categories of damages as liquidated damages. Fourth, Defendants are liable for Plaintiffs' counsel's attorneys' fees and costs.

52.     Defendants have willfully violated the FLSA by failing and refusing to pay all minimum wages due and owing to Plaintiffs and all other similarly situated employees.

**Improper Payroll Deductions from Employees' Paychecks**

53.     "The FLSA does not allow uniforms, or other items which are considered to be primarily for the benefit or convenience of the employer, to be included as wages. Thus, an employer may not take credit for such items in meeting his/her obligations toward paying the minimum wage or overtime." U.S. Department of Labor, Wage and Hour Division, Fact Sheet #16, Deductions from Wages for Uniforms and Other Facilities Under the FLSA, https://www.dol.gov/whd/regs/compliance/whdfs16.pdf (last visited February 20, 2019).

54.     "Where deductions … reduce the employee's wages below the minimum wage, such deductions are illegal. When an employer claims an FLSA 3(m) tip credit, the tipped employee is considered to have been paid only the minimum wage for all non-overtime hours worked in a tipped occupation and the employer may not take deductions …, because any such deduction would reduce the tipped employee's wages below the minimum wage." U.S. Department of Labor, Wage and Hour Division, Fact Sheet #15: Tipped Employees Under the Fair Labor Standards Act (FLSA), https://www.dol.gov/whd/regs/compliance/whdfs15.pdf (last visited Jan. 21, 2019).

55.     Before an employee can work at Defendants' casino gaming operation, they must obtain an appropriate gaming license from the required state agency or commission. The state agency or commission charges a fee for the initial gaming license, and a renewal fee.

56.     Defendants make deductions from the wages of Plaintiffs and all other similarly situated employees, to cover such costs for their gaming licenses required by the state gaming commission.  Defendants' deductions for such gaming licenses reduce Plaintiffs' and all other similarly situated employees' wages below the minimum wage.

57.     The gaming licenses are primarily for the benefit of Defendants and are necessary for Defendants to generate revenue from their casino properties.   The casino properties cannot operate without employees, and the employees must have gaming licenses in order to work at the casinos.  As a result, these gaming license fees are primarily for the benefit of Defendants.

58.      Because such deductions reduce Plaintiffs' wages below the minimum wage, Defendants' actions are a violation of both state and federal laws.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

59.     Plaintiffs re-allege and incorporate by reference the allegations set forth above.

60.     Plaintiffs bring Cause of Action One, the FLSA claim arising out of Defendants' misallocated tip-pool funds, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of themselves individually and the following similarly situated collective action class:

### Fair Labor Standards Act Unlawful Tip Pool Collective

All persons employed as table games dealers at Ameristar Council Bluffs, Ameristar East Chicago, Cactus Pete's, Boomtown New Orleans, L'Auberge Baton Rouge, Boomtown Bossier City, L'Auberge Lake Charles, River City, Ameristar Vicksburg, and The Meadows, who participated in a tip pool during any workweek in which any portion of the tip pool was distributed to any manager or supervisor, at any time from three (3) years prior to the filing of the initial Class and Collective Action Complaint to the present.

Case 4:19-cv-00358-GAF    Document 1    Filed 02/21/19    Page 20 of 75

61.     Plaintiffs bring Cause of Action Two, the FLSA claim arising out of Defendants' gaming license deduction policy, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of themselves individually and the following collective action class:

**Fair Labor Standards Act Gaming License Deduction Policy Collective**

All persons employed in hourly positions at Ameristar Council Bluffs, Ameristar East Chicago, Cactus Pete's, Boomtown New Orleans, L'Auberge Baton Rouge, Boomtown Bossier City, L'Auberge Lake Charles, River City, Ameristar Vicksburg, and The Meadows who had a deduction made from their payroll check for gaming license fees during a workweek which reduced their earnings below the required federal minimum wage, at any time from three (3) years prior to the filing of the initial Class and Collective Action Complaint to the present.

62.     Plaintiffs' FLSA claims (Causes of Action One and Two, *infra*) may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

63.     Plaintiffs, individually and on behalf of all others similarly situated, seek relief on a collective basis challenging Defendants' above-described FLSA violations. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from Defendants' records, and potential opt-in plaintiffs may easily and quickly be notified of the pendency of this action.

64.     Plaintiff Kofron brings Cause of Action Three, the Missouri Minimum Wage Law claim arising out of Defendants' gaming license deduction policy, as a class action under Fed. R. Civ. P. 23, on behalf of herself and the following class:

**Missouri Minimum Wage Law Rule 23 Class**

All persons employed in hourly positions at River City who had a deduction made from their payroll check for gaming license fees during a workweek which reduced their earnings below the required state minimum wage, at any time from two (2) years prior to the filing of the initial Class and Collective Action Complaint to the present.

65.     Plaintiff Kofron brings Cause of Action Four, the Missouri common law breach of contract claim arising out of Defendants' gaming license deduction policy, as a class action under Fed. R. Civ. P. 23, on behalf of herself and the following class:

### Missouri Common Law Breach of Contract Rule 23 Class

All persons employed in hourly positions at River City who had a deduction made from their payroll check for gaming license fees at any time from five (5) years prior to the filing of the initial Class and Collective Action Complaint to the present.

66.     Plaintiff Kofron brings Cause of Action Five, the Missouri common law unjust enrichment/quantum meruit claim arising out of Defendants' gaming license deduction policy, as a class action under Fed. R. Civ. P. 23, on behalf of herself and the following class:

### Missouri Common Law Unjust Enrichment / Quantum Meruit Rule 23 Class

All persons employed in hourly positions at River City who had a deduction made from their payroll check for gaming license fees at any time from five (5) years prior to the filing of the initial Class and Collective Action Complaint to the present.

67.     Plaintiffs Lockett, Sheffield, and Young bring Cause of Action Six, the Iowa Wage Payment Collection Law claim arising out of Defendants' gaming license deduction policy, as a class action under Fed. R. Civ. P. 23, on behalf of themselves and the following class:

### Iowa Wage Payment Collection Law Rule 23 Class

All persons employed in hourly positions at Ameristar Casino Council Bluffs who had a deduction made from their payroll check for gaming license fees during a workweek, at any time from two (2) years prior to the filing of the initial Class and Collective Action Complaint to the present.

68.     Plaintiff McDermott brings Cause of Action Seven, the Pennsylvania Wage Payment Collection Law claim arising out of Defendants' gaming license deduction policy, as a class action under Fed. R. Civ. P. 23, on behalf of himself and the following class:

**Pennsylvania Wage Payment and Collection Law Rule 23 Class**

> All persons employed in hourly positions at The Meadows who had a deduction made from their payroll check for gaming license fees during a workweek, at any time from three (3) years prior to the filing of the initial Class and Collective Action Complaint to the present.

69.     Plaintiff McDermott brings Cause of Action Eight, the Pennsylvania Minimum Wage Act claim arising out of Defendants' gaming license deduction policy, as a class action under Fed. R. Civ. P. 23, on behalf of himself and the following class:

**Pennsylvania Minimum Wage Act Rule 23 Class**

> All persons employed in hourly positions at The Meadows who had a deduction made from their payroll check for gaming license fees during a workweek which reduced their earnings below the required state minimum wage, at any time from three (3) years prior to the filing of the initial Class and Collective Action Complaint to the present.

70.     Plaintiff Caswell brings Cause of Action Nine, the Nevada Minimum Wage Law claim arising out of Defendants' gaming license deduction policy, as a class action under Fed. R. Civ. P. 23, on behalf of herself and the following class:

**Nevada Minimum Wage Law Rule 23 Class**

> All persons employed in hourly positions at Cactus Pete's who had a deduction made from their payroll check for gaming license fees during a workweek which reduced their earnings below the required state minimum, at any time from two (2) years prior to the filing of the initial Class and Collective Action Complaint to the present.

71.     Plaintiffs' Rule 23 claims, described in detail below, satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

72.     These classes each number in the thousands of persons.  As a result, joinder of all class members in a single action is impracticable.  Class members may be informed of the pendency of this action through regular mail, e-mail, and/or posting of an approved notice.

73.     There are common questions of fact and law to the classes that predominate over any questions affecting only individual class members.  The questions of law and fact common to the classes arising from Defendants' actions include, without limitation, the following:

      a.     Whether the gaming license fees are primarily for Defendants' benefit and therefore unlawful;

      b.     Whether Defendants gaming license fee deduction reduced Plaintiffs' wages below the applicable state or federal minimum wage rate;

      c.     Whether Defendants were unjustly enriched by virtue of their policies and practices with respect to Plaintiffs' and class members' pay;

      d.     Whether Defendants breached their contracts with Plaintiffs and class members by deducting gaming license fees from their wages; and

      e.     Whether Defendants willfully violated state wage and hour laws in so doing.

74.     The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

75.     Plaintiffs' claims are typical of those of the respective classes in that class members have been employed in the same or similar position as Plaintiffs and were subject to the same or similar unlawful practices as Plaintiffs.

76.     A class action is the superior method for the fair and efficient adjudication to Plaintiffs' claims.  Defendants have acted or refused to act on grounds generally applicable to the classes.  The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of class members to protect their interests.

77.     Plaintiffs are adequate representatives because each Plaintiff is a member of each of the respective classes that each Plaintiff seeks to represent, and each Plaintiff's interests do not conflict with the interests of the members of those classes.  The interests of the members of the classes will be fairly and adequately protected by Plaintiffs and Plaintiffs' undersigned counsel, who are experienced prosecuting complex wage and hour, employment, and class action litigation.

78.     Maintenance of this action is a class action is a fair and efficient method for adjudication of this controversy.  It would be impracticable and undesirable for each member of the classes who suffered harm to bring a separate action.  In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

//

//

## ALLEGATIONS APPLICABLE TO ALL FLSA CLAIMS

## (CAUSES OF ACTION ONE AND TWO)

79.     At all times material herein, Plaintiffs and all others similarly situated have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq*.

80.     The FLSA regulates, among other things, the payment of minimum wage and overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.  *See* 29 U.S.C. § 206(a); 29 U.S.C. § 207(a)(1).

81.     Defendants are subject to the minimum wage and overtime pay requirements of the FLSA because they are each enterprises engaged in interstate commerce and their employees are engaged in commerce.

82.     At all relevant times, Defendants were "employers" of Plaintiffs and all similarly situated employees within the meaning of the FLSA.  *See* 29 U.S.C. § 203(d).

83.     At all relevant times, Plaintiffs and all similarly situated employees were Defendants' "employees" within the meaning of the FLSA.  *See* 29 U.S.C. § 203(e).

84.     Plaintiffs and all similarly situated employees are covered, non-exempt employees within the meaning of the FLSA.  Accordingly, Plaintiffs and all similarly situated employees must be paid minimum wages in accordance with 29 U.S.C. § 206.

85.     Pursuant to the FLSA, employees are also entitled to be compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of 40 hours in a workweek.  *See* 29 U.S.C. § 207(a).

Case 4:19-cv-00358-GAF   Document 1   Filed 02/21/19   Page 26 of 75

86.     Although the FLSA contains some exceptions (or exemptions) from the minimum wage and overtime requirements, none of those exceptions (or exemptions) apply here.

87.     Plaintiffs and all similarly situated employees are victims of uniform compensation policies.

88.     Plaintiffs and all similarly situated employees are entitled to damages equal to the mandated minimum wage within the three (3) years preceding the filing of this Class and Collective Action Complaint, plus periods of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard of whether their conduct was prohibited by the FLSA.

89.     Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result, Plaintiffs and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages as described by Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b).  Alternatively, should the Court find Defendants acted in good faith or with reasonable grounds in failing to pay minimum wage, Plaintiffs and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

90.     As a result of these violations of the FLSA's minimum wage provisions, compensation has been unlawfully withheld by Defendants from Plaintiffs and all similarly situated employees.  Accordingly, pursuant to 29 U.S.C. § 216(b), Defendants are liable for the unpaid minimum wages along with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

# FIRST CAUSE OF ACTION

## Violation of the Fair Labor Standards Act

### Arising Out of Defendants' Misallocation of Tip Pool Funds

### Asserted Against All Defendants

91.     All Plaintiffs re-allege and incorporate by reference the allegations set forth above.

92.     Defendants violated the FLSA by implementing and maintaining an invalid tip pool, thus failing to pay Plaintiffs and other similarly situated employees all of the tips to which they were entitled.

93.     Further, by implementing and maintaining an invalid tip pool, Defendants are not entitled to take a tip credit against their obligation to pay Plaintiffs and other similarly situated employees minimum wage.  As a result, Defendants are liable to Plaintiffs and other similarly situated employees for the difference between their direct hourly wage (not counting tips) and the federal minimum wage.

94.     Specifically, Defendants include manager and supervisor employees (who do not regularly and customarily receive tips and, in fact, are not permitted to receive tips when working) in the tip pool distribution.  Because those employees receive portions of the tip pool to which Plaintiffs and the similarly situated employees are entitled, Plaintiffs and the similarly situated employees do not receive all of the compensation to which they are entitled under the FLSA.

95.     Defendants' practice was to unlawfully and willfully fail to comply with the requirements of implementing and maintaining a valid tip pool and therefore, Plaintiffs and the similarly situated employees were not properly compensated pursuant to the FLSA.

**WHEREFORE**, on Cause of Action One of this Class and Collective Action Complaint, Plaintiffs and all similarly situated employees demand judgment against Defendants and pray this Court:

    a.    Issue notice to all similarly situated employees of Defendants informing them of their right to file consents to join the FLSA portion of this action;

    b.    Award Plaintiffs and all similarly situated employees damages for unpaid minimum wages under 29 U.S.C. § 216(b);

    c.    Award Plaintiffs and all similarly situated employees liquidated damages under 29 U.S.C. § 216(b);

    d.    Award Plaintiffs and all similarly situated employees pre-judgment and post-judgment interest as provided by law;

    e.    Award Plaintiffs and all similarly situated employees attorneys' fees and costs under 29 U.S.C. § 216(b); and

    f.    Award Plaintiffs and all similarly situated employees such other relief as the Court deems fair and equitable.

**SECOND CAUSE OF ACTION**

**Violation of the Fair Labor Standards Act**

**Arising Out of Defendants' Gaming License Fee Deduction Policy**

**Asserted Against All Defendants**

96.    All Plaintiffs re-allege and incorporate by reference the allegations set forth above.

97.     Defendants violated the FLSA by making deductions from the wages of Plaintiffs and other similarly situated employees for gaming license fees, which reduced their wages below the federally required minimum wage.  These deductions were primarily for the benefit of Defendants and, therefore, cannot constitute a credit toward Defendants' obligation to pay Plaintiffs minimum wage.  As a result, Plaintiffs were paid below the federal minimum wage during the workweeks in which these deductions were made.

98.     Defendants' practice was unlawful and a willful failure to comply with the requirements the FLSA.

**WHEREFORE**, on Cause of Action Two of this Class and Collective Action Complaint, Plaintiffs and all similarly situated employees demand judgment against Defendants and pray this Court:

    a.     Issue notice to all similarly situated employees of Defendants informing them of their right to file consents to join the FLSA portion of this action;

    b.     Award Plaintiffs and all similarly situated employees damages for unpaid minimum wages and unpaid overtime wages under 29 U.S.C. § 216(b);

    c.     Award Plaintiffs and all similarly situated employees liquidated damages under 29 U.S.C. § 216(b);

    d.     Award Plaintiffs and all similarly situated employees pre-judgment and post-judgment interest as provided by law;

    e.     Award Plaintiffs and all similarly situated employees attorneys' fees and costs under 29 U.S.C. § 216(b); and

f.      Award Plaintiffs and all similarly situated employees such other relief as the Court deems fair and equitable.

### THIRD CAUSE OF ACTION

### Violation of the Missouri Minimum Wage Law

### Arising Out of Defendants' Gaming License Fee Deduction Policy

### Asserted Against Defendants Pinnacle Entertainment, Inc. and PNK (River City), LLC

99.     Plaintiff Kofron re-alleges and incorporates by reference the allegations as set forth above.

100.    Plaintiff Kofron, on behalf of herself and the Missouri MMWL Rule 23 Class (referenced in this Cause of Action Three as the "Class"), asserts this cause of action pursuant to the Missouri Minimum Wage Law ("MMWL"), Mo. Stat. Ann. § 290.500 *et seq*., against Defendants Pinnacle Entertainment, Inc. and PNK (River City), LLC.

101.    At all relevant times, Plaintiff Kofron and the class members have been entitled to the rights, protections, and benefits provided under the MMWL.

102.    The MMWL regulates, among other things, the payment of minimum wage and overtime wages by employers, subject to limited exceptions not applicable herein, and provides or has provided for during part or all of the applicable limitations period for a higher minimum wage than that provided for under federal law.  *See* Mo. Stat. Ann. §§ 290.500(3-4), 290.505.1.

103.    The MMWL should be construed in accordance with its provisions and those of the FLSA.  Specifically, the Missouri Department of Labor has promulgated regulations providing that except as otherwise provided by Missouri law, the interpretation and

enforcement of the MMWL follows the FLSA and its companion regulations.  *See* 8 C.S.R. § 30-4.010(1).

//

//

104.     At all relevant times, Defendants Pinnacle Entertainment, Inc. and PNK (River City), LLC were the "employer" of Plaintiff Kofron and the class members within the meaning of the MMWL.  *See* Mo. Stat. Ann. §§ 290.500(3-4).

105.     At all relevant times, Plaintiff Kofron and the class members were Defendants Pinnacle Entertainment, Inc. and PNK (River City), LLC's "employees" within the meaning of the MMWL. *See* Mo. Stat. Ann. § 290.500(3).

106.     Plaintiff Kofron and the class members are covered, non-exempt employees within the meaning of the MMWL. Accordingly, employees are entitled to be paid at least minimum wage for all hours worked in each workweek.  *See* Mo. Stat. Ann. § 290.502.1.

107.     Although the MMWL contains some exceptions (or exemptions) from the minimum wage, none of those exceptions (or exemptions) apply here.  *See* Mo. Stat. Ann. § 290.500(3).

108.     Plaintiff Kofron and the class members are victims of uniform and employer-based compensation policies.

109.     Specifically, Defendants violated the MMWL by making deductions from the wages of Plaintiff Kofron and the Class for gaming license fees, which reduced their wages below the federally and state required minimum wages and caused them to be underpaid overtime wages.

110. Plaintiff Kofron and the Class are entitled to damages equal to all unpaid minimum and overtime wages due within two (2) years preceding the filing of this Class and Collective Action Complaint, plus periods of equitable tolling, along with an additional equal amount as liquidated damages, less any amount actually paid to the employees by Defendants. *See* Mo. Stat. Ann. § 290.527.

111. Plaintiff Kofron and the Class are also entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

112. Defendants are also liable to Plaintiff Kofron and the Class for costs and reasonable attorney fees incurred in this action. *See* Mo. Stat. Ann. § 290.527.

**WHEREFORE**, on Cause of Action Three of this Class and Collective Action Complaint, Plaintiff Kofron and the Class demand judgment against Defendants and pray this Court:

a. Certify the state law claim set forth in Cause of Action Three above as a class action pursuant to Fed. R. Civ. P. 23;

b. Award Plaintiff Kofron and the Class damages for unpaid minimum wages under Mo. Stat. Ann. § 290.527;

c. Award Plaintiff Kofron and the Class liquidated damages under Mo. Stat. Ann. § 290.527;

d. Award Plaintiff Kofron and the Class pre-judgment and post-judgment interest as provided by law;

e. Award Plaintiff Kofron and the Class' counsel attorneys' fees and costs as allowed by Mo. Stat. Ann. § 290.527; and

f.    Award Plaintiff Kofron and the Class such other relief as the Court deems fair and equitable.

## FOURTH CAUSE OF ACTION

### Breach of Contract under Missouri Common Law

### Arising Out of Defendants' Gaming License Fee Deduction Policy

### Asserted Against Defendants Pinnacle Entertainment, Inc. and PNK (River City), LLC

113.    Plaintiff Kofron re-alleges and incorporates by reference the allegations as set forth above.

114.    Plaintiff Kofron, on behalf of Kofron and the Missouri Breach of Contract Rule 23 Class (referenced in this Cause of Action Four as the "Class"), asserts this cause of action pursuant to Missouri common law against Defendants Pinnacle Entertainment, Inc. and PNK (River City), LLC.

115.    Defendants entered into a contract with Plaintiff Kofron and all similarly situated employees through which it agreed that employees would get paid an agreed-upon hourly rate for every hour worked during their employment.

116.    Defendants breached this contract by failing to pay Plaintiff Kofron and all others similarly situated their agreed-upon hourly rate for every hour worked during their employment.

117.    Specifically, Defendants made deductions from the wages of Plaintiff Kofron and the Class for gaming license fees, which is not permitted by the contract.

118.    Because of Defendants' breach, Plaintiff Kofron and the Class have been damaged.

119.    WHEREFORE, on Cause of Action Four of this Class and Collective Action Complaint, Plaintiff Kofron and the Class demand judgment against Defendants and pray this Court:

    a.    Certify the state law claim set forth in Cause of Action Four above as a class action pursuant to Fed. R. Civ. P. 23;

    b.    Order Defendants to pay Plaintiff Kofron and the Class for the improperly withheld wages in violation of their contract;

    c.    Award Plaintiff Kofron and the Class pre-judgment and post-judgment interest as provided by law; and

    d.    Award Plaintiff Kofron and the Class such other relief as the Court deems fair and equitable.

## FIFTH CAUSE OF ACTION

### Unjust Enrichment/ Quantum Meruit under Missouri Common Law

### Arising Out of Defendants' Gaming License Fee Deduction Policy

### Asserted Against Defendants Pinnacle Entertainment, Inc. and PNK (River City), LLC

120.    Plaintiff Kofron re-alleges and incorporates by reference the allegations as set forth above.

121.    Plaintiff Kofron, on behalf of Kofron and the Missouri Unjust Enrichment / Quantum Meruit Rule 23 Class (referenced in this Cause of Action Five as the "Class"), asserts this cause of action pursuant to Missouri common law against Defendants Pinnacle Entertainment, Inc. and PNK (River City), LLC.

Case 4:19-cv-00358-GAF   Document 1   Filed 02/21/19   Page 35 of 75

122.    Defendants benefitted by failing to pay their employees at the legal and applicable wage rates set by state and federal law, thereby failing to pay all minimum wages and overtime wages in compliance with the law.

123.    Defendants were aware or should have been aware that they were receiving the benefit of this unpaid work at the time the work was being performed and accepted and retained that benefit without paying fair compensation for the same.

124.    Defendants' acceptance and retention of the benefit of Plaintiff Kofron and the Class' unpaid labor was inequitable and resulted in Defendants being unjustly enriched.

**WHEREFORE**, on Cause of Action Five of this Class and Collective Action Complaint, Plaintiff Kofron and the Class demand judgment against Defendants and pray this Court:

a.    Certify the state law claim set forth in Cause of Action Five above as a class action pursuant to Fed. R. Civ. P. 23;

b.    Order Defendants to disgorge the value of their ill-gained benefits to Plaintiff and the Class;

c.    Award Plaintiff Kofron and the Class pre-judgment and post-judgment interest as provided by law; and

d.    Award Plaintiff Kofron and the Class such other relief as the Court deems fair and equitable.

### SIXTH CAUSE OF ACTION

#### Violation of the Iowa Wage Payment Collection Law

**Arising Out of Defendants' Gaming License Fee Deduction Policy**

**Asserted Against Defendants Pinnacle Entertainment, Inc. and Ameristar Casino Council Bluffs, LLC**

Page **36** of **46**

125. Plaintiffs Lockett, Sheffield, and Young re-allege and incorporate by reference the allegations as set forth above.

126. Plaintiffs Lockett, Sheffield, and Young, on behalf of themselves and the Iowa Wage Payment Collection Law Rule 23 Class (referenced in this Cause of Action Six as the "Class"), assert this cause of action pursuant to the Iowa Wage Payment Collection Law ("IWPCL"), Iowa Code Ann. § 91A.1, *et seq.*, against Defendants Pinnacle Entertainment, Inc. and Ameristar Casino Council Bluffs, LLC.

127. At all relevant times, Plaintiffs Lockett, Sheffield, and Young and the Class constituted Defendants' "employees" within the meaning of the IWPCL. *See* Iowa Code Ann. § 91A.2(3).

128. At all relevant times, Defendants constituted Plaintiffs Lockett, Sheffield, and Young and the Class' "employers" within the meaning of the IWPCL. *See* Iowa Code Ann. § 91A.2(4).

129. Plaintiffs Lockett, Sheffield, and Young and the Class are victims of uniform and employer-based compensation policies.

130. Specifically, Defendants violated the IWPCL by making deductions from the wages of Plaintiffs Lockett, Sheffield, and Young and the Class for gaming license fees, which reduced their wages below the required minimum wages and caused them to be paid less than the minimum wage.

131. Defendants were not permitted to make these deductions pursuant to the IWPCL. *See* Iowa Code Ann. § 91A.5.

132.    Plaintiffs Lockett, Sheffield, and Young and the Class did not specifically authorize these deductions in writing rendering them *per se* unlawful within the meaning of the IWPCL. *See* Iowa Code Ann. § 91A.5.

133.    These payroll deductions are primarily for the benefit of Defendants.

134.    Defendants are not permitted to withhold these payroll deductions by any state or federal law or court order. *See* Iowa Code Ann. § 91A.5.

**WHEREFORE**, on Cause of Six of this Class and Collective Action Complaint, Plaintiffs Lockett, Sheffield, and Young and the Class demand judgment against Defendants and pray this Court:

a.    Certify the state law claim set forth in Cause of Action Six above as a class action pursuant to Fed. R. Civ. P. 23;

b.    Award Plaintiffs Lockett, Sheffield, and Young and the Class damages for unlawful payroll deductions;

c.    Award Plaintiffs Lockett, Sheffield, and Young and the Class all unpaid minimum wages;

d.    Award Plaintiffs Lockett, Sheffield, and Young and the Class' counsel attorneys' fees and costs as allowed by Iowa Code Ann. § 91A.8; and

e.    Award Plaintiffs Lockett, Sheffield, and Young and the Class liquidated damages as allowed by Iowa Code Ann. § 91A.8;

f.    Award Plaintiffs Lockett, Sheffield, and Young and the Class pre-judgment and post-judgment interest as provided by law;

g.    Award Plaintiffs Lockett, Sheffield, and Young and the Class such other relief as the Court deems fair and equitable.

## SEVENTH CAUSE OF ACTION

### Violation of the Pennsylvania Wage Payment and Collection Law

### Arising Out of Defendants' Gaming License Fee Deduction Policy

### Asserted Against Defendants Pinnacle Entertainment, Inc. and Washington Trotting Association, LLC

135.    Plaintiff McDermott re-alleges and incorporates by reference the allegations as set forth above.

136.    Plaintiff McDermott, on behalf of himself and the Pennsylvania Wage Payment and Collection Law Rule 23 Class (referenced in this Cause of Action Seven as the "Class"), asserts this cause of action pursuant to the Pennsylvania Wage Payment and Collection Law ("PWPCL"), 43 Pa. Stat. Ann. § 260.1, *et seq*., against Defendants Pinnacle Entertainment, Inc. and Washington Trotting Association, LLC.

137.    At all relevant times, Defendants constituted Plaintiff McDermott and the Class' "employer" within the meaning of the PWPCL.  *See* 43 Pa. Stat. Ann. § 260.2a.

138.    Plaintiff McDermott and the class members are victims of uniform and employer-based compensation policies.

139.    Specifically, Defendants violated the PWPCL by making deductions from the wages of Plaintiff McDermott and the Class for gaming license fees.  In addition, this reduced Plaintiff McDermott and the Class' wages below the required minimum wages and caused them to be underpaid overtime wages.

140.    These gaming license fee deductions were taken from the Plaintiff McDermott and the Class' wages within the meaning of the PWPCL.  *See* 43 Pa. Stat. Ann. § 260.2a.

141.    Plaintiff McDermott and the Class are authorized to bring suit pursuant to the private right of action provision of the PWPCL.  *See* 43 Pa. Stat. Ann. § 260.9a.

**WHEREFORE**, on Cause of Action Seven of this Class and Collective Action Complaint, Plaintiff McDermott and the Class demand judgment against Defendants and pray this Court:

a. Certify the state law claim set forth in Cause of Action Seven above as a class action pursuant to Fed. R. Civ. P. 23;

b. Award Plaintiff McDermott and the Class all wages for unlawful payroll deductions;

c. Award Plaintiff McDermott and the Class all unpaid minimum wages resulting from the unlawful payroll deductions;

d. Award Plaintiff McDermott and the Class liquidated damages as allowed by 43 Pa. Stat. Ann. § 260.10;

e. Award Plaintiff McDermott and the Class' counsel attorneys' fees and costs as allowed by 43 Pa. Stat. Ann. § 260.9a; and

f. Award Plaintiff McDermott and the Class pre-judgment and post-judgment interest as provided by law;

g. Award Plaintiff McDermott and the Class such other relief as the Court deems fair and equitable.

## EIGHTH CAUSE OF ACTION

### Violation of the Pennsylvania Minimum Wage Act

### Arising Out of Defendants' Gaming License Fee Deduction Policy

### Asserted Against Defendants Pinnacle Entertainment, Inc. and Washington Trotting Association, LLC

142. Plaintiff McDermott re-alleges and incorporates by reference the allegations as set forth above.

143. Plaintiff McDermott, on behalf of himself and the Pennsylvania Minimum Wage Act Rule 23 Class (referenced in this Cause of Action Eight as the "Class"), asserts this cause of action pursuant to the Pennsylvania Minimum Wage Act of 1968 ("PMWA"), 43 Pa. Stat. Ann. § 333.102, *et seq*., against Defendants Pinnacle Entertainment, Inc. and Washington Trotting Association, LLC.

144. At all relevant times, Plaintiff McDermott and the Class constituted Defendants' "employes" (sic) within the meaning of the PMWA. *See* 43 Pa. Stat. Ann. § 333.103.

145. At all relevant times, Defendants constituted Plaintiff McDermott and the Class' "employer" within the meaning of the PMWA. *See* 43 Pa. Stat. Ann. § 333.103.

146. At all relevant times, Plaintiff McDermott and the Class were entitled, in connection with their employment with Defendants, to a minimum wage for their work within the meaning of the PMWA. *See* 43 Pa. Stat. Ann. § 333.104.

147. At all relevant times, Plaintiff McDermott and the Class have not fallen within any of the PMWA's exemptions to the minimum wage. *See* 43 Pa. Stat. Ann. § 333.105.

148. Plaintiff McDermott and the class members are victims of uniform and employer-based compensation policies.

149. Specifically, Defendants violated the PMWA by making deductions from the wages of Plaintiff McDermott and the Class for gaming license fees, which reduced Plaintiff McDermott and the Class' wages below the required minimum wages and caused them to be underpaid overtime wages.

150. Plaintiff McDermott and the Class are authorized to bring suit pursuant to the private right of action provision of the PWPCL. *See* 43 Pa. Stat. Ann. § 333.113.

**WHEREFORE**, on Cause of Action Eight of this Class and Collective Action Complaint, Plaintiff McDermott and the Class demand judgment against Defendants and pray this Court:

    a.    Certify the state law claim set forth in Cause of Action Eight above as a class action pursuant to Fed. R. Civ. P. 23;

    b.    Award Plaintiff McDermott and the Class all unpaid minimum and overtime wages resulting from the unlawful payroll deductions as allowed by 43 Pa. Stat. Ann. § 333.113;

    c.    Award Plaintiff McDermott and the Class liquidated damages as allowed by 43 Pa. Stat. Ann. § 333.113;

    d.    Award Plaintiff McDermott and the Class' counsel attorneys' fees and costs as allowed by 43 Pa. Stat. Ann. § 333.113;

    e.    Award Plaintiff McDermott and the Class pre-judgment and post-judgment interest as provided by law;

    f.    Award Plaintiff McDermott and the Class such other relief as the Court deems fair and equitable.

## NINTH CAUSE OF ACTION

### Violation of the Nevada Minimum Wage Law

**Arising Out of Defendants' Gaming License Fee Deduction Policy**

**Asserted Against Defendants Pinnacle Entertainment, Inc. and Cactus Pete's, LLC**

151.    Plaintiff Caswell re-alleges and incorporates by reference the allegations as set forth above.

152.     Plaintiff Caswell, on behalf of herself and the Nevada Minimum Wage Rule 23 Class (referenced in this Cause of Action Nine as the "Class"), asserts this cause of action pursuant to the Nevada Minimum Wage Law, Nev. Rev. Stat. Ann. § 608.250, *et seq*., against Defendants Pinnacle Entertainment, Inc. and Cactus Pete's, LLC.

153.     At all relevant times, Plaintiff Caswell and the Class constituted Defendants' employees within the meaning of the Nevada Minimum Wage Law.  *See* Nev. Rev. Stat. Ann. § 608.255.

154.     At all relevant times, Defendants constituted Plaintiff Caswell and the Class' "employer" within the meaning of the Nevada Minimum Wage Law.  *See id*.

155.     At all relevant times, Plaintiff Caswell and the Class were entitled, in connection with their employment with Defendants, to a minimum wage for their work within the meaning of the Nevada Minimum Wage Law.  *See* Nev. Rev. Stat. Ann. § 608.250.

156.     At all relevant times, Plaintiff Caswell and the Class have not fallen within any of the exemptions to the minimum wage.  *See id*.

157.     Plaintiff Caswell and the class members are victims of uniform and employer-based compensation policies.

158.     Specifically, Defendants violated the Nevada Minimum Wage Law by making deductions from the wages of Plaintiff Caswell and the Class for gaming license fees, which reduced Plaintiff Caswell and the Class' wages below the required minimum wage.

159.     Plaintiff Caswell and the Class are authorized to bring suit pursuant to the private right of action provision of the Nevada Minimum Wage Law.  *See* Nev. Rev. Stat. Ann. § 608.260.

**WHEREFORE**, on Cause of Action Nine of this Class and Collective Action Complaint, Plaintiff Caswell and the Class demand judgment against Defendants and pray this Court:

        a.    Certify the state law claim set forth in Cause of Action Nine above as a class action pursuant to Fed. R. Civ. P. 23;

        b.    Award Plaintiff Caswell and the Class all unpaid minimum and overtime wages resulting from the unlawful payroll deductions as allowed by Nev. Rev. Stat. Ann. § 608.260;

        c.    Award Plaintiff Caswell and the Class' counsel attorneys' fees and costs as allowed by Nev. Rev. Stat. Ann. § 608.140;

        d.    Award Plaintiff Caswell and the Class pre-judgment and post-judgment interest as provided by law;

        e.    Award Plaintiff Caswell and the Class such other relief as the Court deems fair and equitable.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs hereby request a trial by jury of all issues so triable.

///

///

Dated: February 21, 2019          Respectfully submitted:

**HKM EMPLOYMENT ATTORNEYS LLP**
*/s/ Jenny Foley*
**JENNY L. FOLEY, Ph.D., ESQ.**
Nevada Bar No.: 9017
E-mail:jfoley@hkm.com
**MARTA D. KURSHUMOVA, ESQ.**
Nevada Bar No.: 14728
E-mail:mkurshumova@hkm.com
1785 East Sahara, Suite 300
Las Vegas, Nevada 89104
Tel.:    (702) 805-8340
Fax:    (702) 625-3893

**AND**

**STUEVE SIEGEL HANSON LLP**
*/s/ George A. Hanson*
**GEORGE A. HANSON, ESQ.***
Missouri Bar No.: 43450
E-mail:hanson@stuevesiegel.com
**ALEXANDER T. RICKE, ESQ.***
Missouri Bar No.: 65132
E-mail:ricke@stuevesiegel.com
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel.:    (816) 714-7100
Fax:    (816) 714-7101

**AND**

**McCLELLAND LAW FIRM, P.C.**
*/s/ Ryan L. McClelland*
**RYAN L. MCCLELLAND, ESQ.***
Missouri Bar No.: 59343
E-mail:ryan@mcclellandlawfirm.com
**MICHAEL J. RAHMBERG, ESQ.***
Missouri Bar No.: 66979
E-mail:mrahmberg@mcclellandlawfirm.com
The Flagship Building
200 Westwoods Drive
Liberty, Missouri 64068-1170
Tel.:    (816) 781-0002
Fax:    (816) 781-1984

**AND**

| | |
|---|---|
| 1 | **OSMAN & SMAY LLP** |
| | */s/ Matthew E. Osman* |
| 2 | **MATTHEW E. OSMAN, ESQ.\*** |
| 3 | Missouri Bar No.: 60137 |
| | E-mail: mosman@workerwagerights.com |
| 4 | **KATHRYN S. RICKLEY, ESQ.\*** |
| | Missouri Bar No.: 59435 |
| 5 | E-mail: krickley@workerwagerights.com |
| 6 | 8500 W. 110th Street, Suite 330 |
| | Overland Park, Kansas 66210 |
| 7 | Tel.:     (913) 667-9243 |
| | Fax:     (866) 470-9243 |
| 8 | |
| 9 | *Counsel for Plaintiffs* |
| 10 | \*Applications to practice *pro hac vice* are forthcoming; Plaintiffs' counsel anticipates complying with LR IA 11-2 within 20 days of filing the Complaint as they await Certificates of |
| 11 | Good Standing from the jurisdictions where they are admitted to practice law.  All such Certificates of Good Standing have been |
| 12 | requested as of the date of filing of this Class and Collective Action Complaint. |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

## APPENDIX OF EXHIBITS

| Exhibit Number | Document Title |
|---|---|
| Exhibit 1 | Consent to Join for Krystal Lockett |
| Exhibit 2 | Consent to Join for Nathan J. McDermott |
| Exhibit 3 | Consent to Join for Tabatha K. Dozier |
| Exhibit 4 | Consent to Join for Amber L. Caswell |
| Exhibit 5 | Consent to Join for David C. DeVun, Jr. |
| Exhibit 6 | Consent to Join for Tonisha S. Lonzo |
| Exhibit 7 | Consent to Join for Seth B. Istre |
| Exhibit 8 | Consent to Join for Jeremy Mitchell |
| Exhibit 9 | Consent to Join for Jacqueline Davis |
| Exhibit 10 | Consent to Join for Jamaica S. Young |
| Exhibit 11 | Consent to Join for Laura Perez |
| Exhibit 12 | Consent to Join for Cynthia J. Kofron |
| Exhibit 13 | Consent to Join for Racal Johnson |
| Exhibit 14 | Consent to Join for Wayne Sheffield |

# EXHIBIT 1

DocuSign Envelope ID: 256C8C30-A494-4FD2-9D80-91C27AFFE8CE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| **KRYSTAL LOCKETT, et al., individually and on behalf of all others similarly situated**<br><br>**Plaintiffs,**<br><br>**vs.**<br><br>**PINNACLE ENTERTAINMENT, INC., et al.,**<br><br>**Defendants.** | **Case No.:** |

### CONSENT TO JOIN
### Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b)

  **I CONSENT TO JOIN THIS LAWSUIT** as a Party Plaintiff seeking unpaid wages and/or overtime against Pinnacle Entertainment, Inc. and its subsidiary casino entities, including Ameristar Casino Council Bluffs, LLC, Ameristar Casino East Chicago, LLC, Cactus Pete's, LLC, Louisiana–I Gaming, A Louisiana Partnership in Commendam, PNK (Baton Rouge) Partnership, PNK (Bossier City), L.L.C., PNK (Lake Charles), L.L.C, PNK (River City), LLC, PNK Vicksburg, LLC, and Washington Trotting Association, LLC ("Defendants"). If this case does not proceed collectively, I also consent to join any subsequent action against any Defendant(s) for unpaid wages and/or overtime. By joining this lawsuit, I designate the Named Plaintiffs as my representatives, and allow them, to the fullest extent possible, to make decisions on my behalf concerning the case, the method and manner of conducting the case, including settlement, the entering of an agreement with Plaintiffs' Counsel regarding payment of attorneys' fees and court costs, and all other matters pertaining to the this lawsuit to the fullest extent permitted by law. I understand that I will be bound by any ruling, settlement, or judgment whether favorable or unfavorable. For purposes of this lawsuit, I choose to be represented by Stueve Siegel Hanson LLP, McClelland Law Firm, P.C., Osman & Smay, LLP, and any other attorneys with whom they may associate.

2/12/2019
_____
Date

DocuSigned by:
_Krystal Lockett_
4990AA91C99A4E9...
_____
Signature

Krystal Lockett
_____
Full Legal Name (print)

# EXHIBIT 2

DocuSign Envelope ID: 282F3006-A8BF-4957-93F7-277A2813F449

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| KRYSTAL LOCKETT, et al., individually and behalf of all others similarly situated<br><br>**Plaintiffs,**<br><br>vs.<br><br>PINNACLE ENTERTAINMENT, INC., et al.,<br><br>**Defendants.** | Case No.: |

### CONSENT TO JOIN
### Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b)

      **I CONSENT TO JOIN THIS LAWSUIT** as a Party Plaintiff seeking unpaid wages and/or overtime against Pinnacle Entertainment, Inc. and its subsidiary casino entities, including Ameristar Casino Council Bluffs, LLC, Ameristar Casino East Chicago, LLC, Cactus Pete's, LLC, Louisiana–I Gaming, A Louisiana Partnership in Commendam, PNK (Baton Rouge) Partnership, PNK (Bossier City), L.L.C., PNK (Lake Charles), L.L.C, PNK (River City), LLC, PNK Vicksburg, LLC, and Washington Trotting Association, LLC ("Defendants"). If this case does not proceed collectively, I also consent to join any subsequent action against any Defendant(s) for unpaid wages and/or overtime. By joining this lawsuit, I designate the Named Plaintiffs as my representatives, and allow them, to the fullest extent possible, to make decisions on my behalf concerning the case, the method and manner of conducting the case, including settlement, the entering of an agreement with Plaintiffs' Counsel regarding payment of attorneys' fees and court costs, and all other matters pertaining to the this lawsuit to the fullest extent permitted by law. I understand that I will be bound by any ruling, settlement, or judgment whether favorable or unfavorable. For purposes of this lawsuit, I choose to be represented by Stueve Siegel Hanson LLP, McClelland Law Firm, P.C., Osman & Smay, LLP, and any other attorneys with whom they may associate.

2/11/2019
_____

Date

_____
Signature

Nathan J. McDermott
_____

Full Legal Name (print)

# EXHIBIT 3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| **KRYSTAL LOCKETT, et al., individually and behalf of all others similarly situated**<br><br>**Plaintiffs,**<br><br>**vs.**<br><br>**PINNACLE ENTERTAINMENT, INC., et al.,**<br><br>**Defendants.** | **Case No.:** |

### CONSENT TO JOIN
### Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b)

    **I CONSENT TO JOIN THIS LAWSUIT** as a Party Plaintiff seeking unpaid wages and/or overtime against Pinnacle Entertainment, Inc. and its subsidiary casino entities, including Ameristar Casino Council Bluffs, LLC, Ameristar Casino East Chicago, LLC, Cactus Pete's, LLC, Louisiana–I Gaming, A Louisiana Partnership in Commendam, PNK (Baton Rouge) Partnership, PNK (Bossier City), L.L.C., PNK (Lake Charles), L.L.C, PNK (River City), LLC, PNK Vicksburg, LLC, and Washington Trotting Association, LLC ("Defendants"). If this case does not proceed collectively, I also consent to join any subsequent action against any Defendant(s) for unpaid wages and/or overtime. By joining this lawsuit, I designate the Named Plaintiffs as my representatives, and allow them, to the fullest extent possible, to make decisions on my behalf concerning the case, the method and manner of conducting the case, including settlement, the entering of an agreement with Plaintiffs' Counsel regarding payment of attorneys' fees and court costs, and all other matters pertaining to the this lawsuit to the fullest extent permitted by law. I understand that I will be bound by any ruling, settlement, or judgment whether favorable or unfavorable. For purposes of this lawsuit, I choose to be represented by Stueve Siegel Hanson LLP, McClelland Law Firm, P.C., Osman & Smay, LLP, and any other attorneys with whom they may associate.

2/11/2019
_____

Date

_____
Signature

Tabatha K. Dozier
_____
Full Legal Name (print)

# EXHIBIT 4

DocuSign Envelope ID: F4E96325-8E7F-47D9-83CD-4CE98CAE58CF

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| **KRYSTAL LOCKETT, et al., individually and behalf of all others similarly situated**<br><br>**Plaintiffs,**<br><br>**vs.**<br><br>**PINNACLE ENTERTAINMENT, INC., et al.,**<br><br>**Defendants.** | **Case No.:** |

## CONSENT TO JOIN
### Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b)

    **I CONSENT TO JOIN THIS LAWSUIT** as a Party Plaintiff seeking unpaid wages and/or overtime against Pinnacle Entertainment, Inc. and its subsidiary casino entities, including Ameristar Casino Council Bluffs, LLC, Ameristar Casino East Chicago, LLC, Cactus Pete's, LLC, Louisiana–I Gaming, A Louisiana Partnership in Commendam, PNK (Baton Rouge) Partnership, PNK (Bossier City), L.L.C., PNK (Lake Charles), L.L.C, PNK (River City), LLC, PNK Vicksburg, LLC, and Washington Trotting Association, LLC ("Defendants"). If this case does not proceed collectively, I also consent to join any subsequent action against any Defendant(s) for unpaid wages and/or overtime. By joining this lawsuit, I designate the Named Plaintiffs as my representatives, and allow them, to the fullest extent possible, to make decisions on my behalf concerning the case, the method and manner of conducting the case, including settlement, the entering of an agreement with Plaintiffs' Counsel regarding payment of attorneys' fees and court costs, and all other matters pertaining to the this lawsuit to the fullest extent permitted by law. I understand that I will be bound by any ruling, settlement, or judgment whether favorable or unfavorable. For purposes of this lawsuit, I choose to be represented by Stueve Siegel Hanson LLP, McClelland Law Firm, P.C., Osman & Smay, LLP, and any other attorneys with whom they may associate.

2/11/2019
_____

Date

_____
Signature

Amber L. Caswell
_____
Full Legal Name (print)

# EXHIBIT 5

DocuSign Envelope ID: 59DFA061-1D5F-4A46-9BAF-7BA789C48717

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| **KRYSTAL LOCKETT, et al., individually and behalf of all others similarly situated**<br><br>**Plaintiffs,**<br><br>**vs.**<br><br>**PINNACLE ENTERTAINMENT, INC., et al.,**<br><br>**Defendants.** | **Case No.:** |

## CONSENT TO JOIN
### Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b)

    **I CONSENT TO JOIN THIS LAWSUIT** as a Party Plaintiff seeking unpaid wages and/or overtime against Pinnacle Entertainment, Inc. and its subsidiary casino entities, including Ameristar Casino Council Bluffs, LLC, Ameristar Casino East Chicago, LLC, Cactus Pete's, LLC, Louisiana–I Gaming, A Louisiana Partnership in Commendam, PNK (Baton Rouge) Partnership, PNK (Bossier City), L.L.C., PNK (Lake Charles), L.L.C, PNK (River City), LLC, PNK Vicksburg, LLC, and Washington Trotting Association, LLC ("Defendants"). If this case does not proceed collectively, I also consent to join any subsequent action against any Defendant(s) for unpaid wages and/or overtime. By joining this lawsuit, I designate the Named Plaintiffs as my representatives, and allow them, to the fullest extent possible, to make decisions on my behalf concerning the case, the method and manner of conducting the case, including settlement, the entering of an agreement with Plaintiffs' Counsel regarding payment of attorneys' fees and court costs, and all other matters pertaining to the this lawsuit to the fullest extent permitted by law. I understand that I will be bound by any ruling, settlement, or judgment whether favorable or unfavorable. For purposes of this lawsuit, I choose to be represented by Stueve Siegel Hanson LLP, McClelland Law Firm, P.C., Osman & Smay, LLP, and any other attorneys with whom they may associate.

2/11/2019
_____

Date

_____
Signature

1D8C4421519C48E...

David C. DeVun, Jr.
_____

Full Legal Name (print)

# EXHIBIT 6

DocuSign Envelope ID: 242ED42B-B636-447C-9F9A-2E2129B49D31

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| **KRYSTAL LOCKETT, et al., individually and behalf of all others similarly situated**<br><br>**Plaintiffs,**<br><br>**vs.**<br><br>**PINNACLE ENTERTAINMENT, INC., et al.,**<br><br>**Defendants.** | **Case No.:** |

## CONSENT TO JOIN
### Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b)

    **I CONSENT TO JOIN THIS LAWSUIT** as a Party Plaintiff seeking unpaid wages and/or overtime against Pinnacle Entertainment, Inc. and its subsidiary casino entities, including Ameristar Casino Council Bluffs, LLC, Ameristar Casino East Chicago, LLC, Cactus Pete's, LLC, Louisiana–I Gaming, A Louisiana Partnership in Commendam, PNK (Baton Rouge) Partnership, PNK (Bossier City), L.L.C., PNK (Lake Charles), L.L.C, PNK (River City), LLC, PNK Vicksburg, LLC, and Washington Trotting Association, LLC ("Defendants"). If this case does not proceed collectively, I also consent to join any subsequent action against any Defendant(s) for unpaid wages and/or overtime. By joining this lawsuit, I designate the Named Plaintiffs as my representatives, and allow them, to the fullest extent possible, to make decisions on my behalf concerning the case, the method and manner of conducting the case, including settlement, the entering of an agreement with Plaintiffs' Counsel regarding payment of attorneys' fees and court costs, and all other matters pertaining to the this lawsuit to the fullest extent permitted by law. I understand that I will be bound by any ruling, settlement, or judgment whether favorable or unfavorable. For purposes of this lawsuit, I choose to be represented by Stueve Siegel Hanson LLP, McClelland Law Firm, P.C., Osman & Smay, LLP, and any other attorneys with whom they may associate.

2/12/2019
_____
Date

DocuSigned by:

*Tonisha S. Lonzo*
_____
16953A9B9FB4431...
Signature

Tonisha S. Lonzo
_____
Full Legal Name (print)

# EXHIBIT 7

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| **KRYSTAL LOCKETT, et al., individually and behalf of all others similarly situated**<br><br>**Plaintiffs,**<br><br>**vs.**<br><br>**PINNACLE ENTERTAINMENT, INC., et al.,**<br><br>**Defendants.** | **Case No.:** |

### CONSENT TO JOIN
**Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b)**

      **I CONSENT TO JOIN THIS LAWSUIT** as a Party Plaintiff seeking unpaid wages and/or overtime against Pinnacle Entertainment, Inc. and its subsidiary casino entities, including Ameristar Casino Council Bluffs, LLC, Ameristar Casino East Chicago, LLC, Cactus Pete's, LLC, Louisiana–I Gaming, A Louisiana Partnership in Commendam, PNK (Baton Rouge) Partnership, PNK (Bossier City), L.L.C., PNK (Lake Charles), L.L.C, PNK (River City), LLC, PNK Vicksburg, LLC, and Washington Trotting Association, LLC ("Defendants").  If this case does not proceed collectively, I also consent to join any subsequent action against any Defendant(s) for unpaid wages and/or overtime.  By joining this lawsuit, I designate the Named Plaintiffs as my representatives, and allow them, to the fullest extent possible, to make decisions on my behalf concerning the case, the method and manner of conducting the case, including settlement, the entering of an agreement with Plaintiffs' Counsel regarding payment of attorneys' fees and court costs, and all other matters pertaining to the this lawsuit to the fullest extent permitted by law.  I understand that I will be bound by any ruling, settlement, or judgment whether favorable or unfavorable.  For purposes of this lawsuit, I choose to be represented by Stueve Siegel Hanson LLP, McClelland Law Firm, P.C., Osman & Smay, LLP, and any other attorneys with whom they may associate.

2/11/2019
_____

Date

_____
Signature

Seth B. Istre
_____
Full Legal Name (print)

# EXHIBIT 8

DocuSign Envelope ID: 7B5E9C40-611A-4F0A-AE82-B630908CA3D4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| KRYSTAL LOCKETT, et al., individually and on behalf of all others similarly situated<br><br>**Plaintiffs,**<br><br>vs.<br><br>**PINNACLE ENTERTAINMENT, INC., et al.,**<br><br>**Defendants.** | **Case No.:** |

### CONSENT TO JOIN
**Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b)**

    **I CONSENT TO JOIN THIS LAWSUIT** as a Party Plaintiff seeking unpaid wages and/or overtime against Pinnacle Entertainment, Inc. and its subsidiary casino entities, including Ameristar Casino Council Bluffs, LLC, Ameristar Casino East Chicago, LLC, Cactus Pete's, LLC, Louisiana–I Gaming, A Louisiana Partnership in Commendam, PNK (Baton Rouge) Partnership, PNK (Bossier City), L.L.C., PNK (Lake Charles), L.L.C, PNK (River City), LLC, PNK Vicksburg, LLC, and Washington Trotting Association, LLC ("Defendants"). If this case does not proceed collectively, I also consent to join any subsequent action against any Defendant(s) for unpaid wages and/or overtime. By joining this lawsuit, I designate the Named Plaintiffs as my representatives, and allow them, to the fullest extent possible, to make decisions on my behalf concerning the case, the method and manner of conducting the case, including settlement, the entering of an agreement with Plaintiffs' Counsel regarding payment of attorneys' fees and court costs, and all other matters pertaining to the this lawsuit to the fullest extent permitted by law. I understand that I will be bound by any ruling, settlement, or judgment whether favorable or unfavorable. For purposes of this lawsuit, I choose to be represented by Stueve Siegel Hanson LLP, McClelland Law Firm, P.C., Osman & Smay, LLP, and any other attorneys with whom they may associate.

2/13/2019
_____
Date

_____
Signature
5283A7B85284481...

Jeremy Mitchell
_____
Full Legal Name (print)

# EXHIBIT 9

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| **KRYSTAL LOCKETT, et al., individually and on behalf of all others similarly situated**<br><br>**Plaintiffs,**<br><br>**vs.**<br><br>**PINNACLE ENTERTAINMENT, INC., et al.,**<br><br>**Defendants.** | **Case No.:** |

## CONSENT TO JOIN
### Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b)

      **I CONSENT TO JOIN THIS LAWSUIT** as a Party Plaintiff seeking unpaid wages and/or overtime against Pinnacle Entertainment, Inc. and its subsidiary casino entities, including Ameristar Casino Council Bluffs, LLC, Ameristar Casino East Chicago, LLC, Cactus Pete's, LLC, Louisiana–I Gaming, A Louisiana Partnership in Commendam, PNK (Baton Rouge) Partnership, PNK (Bossier City), L.L.C., PNK (Lake Charles), L.L.C, PNK (River City), LLC, PNK Vicksburg, LLC, and Washington Trotting Association, LLC ("Defendants"). If this case does not proceed collectively, I also consent to join any subsequent action against any Defendant(s) for unpaid wages and/or overtime. By joining this lawsuit, I designate the Named Plaintiffs as my representatives, and allow them, to the fullest extent possible, to make decisions on my behalf concerning the case, the method and manner of conducting the case, including settlement, the entering of an agreement with Plaintiffs' Counsel regarding payment of attorneys' fees and court costs, and all other matters pertaining to the this lawsuit to the fullest extent permitted by law. I understand that I will be bound by any ruling, settlement, or judgment whether favorable or unfavorable. For purposes of this lawsuit, I choose to be represented by Stueve Siegel Hanson LLP, McClelland Law Firm, P.C., Osman & Smay, LLP, and any other attorneys with whom they may associate.

2/14/2019
_____
Date

DocuSigned by:

*Jacqueline Davis*
99DD18E41408483...
_____
Signature

Jacqueline Davis
_____
Full Legal Name (print)

# EXHIBIT 10

DocuSign Envelope ID: 707D9386-DA45-470E-BFBB-27A15AD16199

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| KRYSTAL LOCKETT, et al., individually and behalf of all others similarly situated<br><br>**Plaintiffs,**<br><br>vs.<br><br>**PINNACLE ENTERTAINMENT, INC., et al.,**<br><br>**Defendants.** | **Case No.:** |

### CONSENT TO JOIN
**Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b)**

      **I CONSENT TO JOIN THIS LAWSUIT** as a Party Plaintiff seeking unpaid wages and/or overtime against Pinnacle Entertainment, Inc. and its subsidiary casino entities, including Ameristar Casino Council Bluffs, LLC, Ameristar Casino East Chicago, LLC, Cactus Pete's, LLC, Louisiana–I Gaming, A Louisiana Partnership in Commendam, PNK (Baton Rouge) Partnership, PNK (Bossier City), L.L.C., PNK (Lake Charles), L.L.C, PNK (River City), LLC, PNK Vicksburg, LLC, and Washington Trotting Association, LLC ("Defendants"). If this case does not proceed collectively, I also consent to join any subsequent action against any Defendant(s) for unpaid wages and/or overtime. By joining this lawsuit, I designate the Named Plaintiffs as my representatives, and allow them, to the fullest extent possible, to make decisions on my behalf concerning the case, the method and manner of conducting the case, including settlement, the entering of an agreement with Plaintiffs' Counsel regarding payment of attorneys' fees and court costs, and all other matters pertaining to the this lawsuit to the fullest extent permitted by law. I understand that I will be bound by any ruling, settlement, or judgment whether favorable or unfavorable. For purposes of this lawsuit, I choose to be represented by Stueve Siegel Hanson LLP, McClelland Law Firm, P.C., Osman & Smay, LLP, and any other attorneys with whom they may associate.

2/12/2019
_____
Date

DocuSigned by:

B8A1627ED4874D3...
_____
Signature

Jamaica S. Young
_____
Full Legal Name (print)

# EXHIBIT 11

DocuSign Envelope ID: 9A3AA07B-4F78-4D36-BAC9-A9309166AEEE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| **KRYSTAL LOCKETT, et al., individually and on behalf of all others similarly situated**<br><br>**Plaintiffs,**<br>**vs.**<br>**PINNACLE ENTERTAINMENT, INC., et al.,**<br>**Defendants.** | **Case No.:** |

## CONSENT TO JOIN
### Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b)

  **I CONSENT TO JOIN THIS LAWSUIT** as a Party Plaintiff seeking unpaid wages and/or overtime against Pinnacle Entertainment, Inc. and its subsidiary casino entities, including Ameristar Casino Council Bluffs, LLC, Ameristar Casino East Chicago, LLC, Cactus Pete's, LLC, Louisiana–I Gaming, A Louisiana Partnership in Commendam, PNK (Baton Rouge) Partnership, PNK (Bossier City), L.L.C., PNK (Lake Charles), L.L.C, PNK (River City), LLC, PNK Vicksburg, LLC, and Washington Trotting Association, LLC ("Defendants"). If this case does not proceed collectively, I also consent to join any subsequent action against any Defendant(s) for unpaid wages and/or overtime. By joining this lawsuit, I designate the Named Plaintiffs as my representatives, and allow them, to the fullest extent possible, to make decisions on my behalf concerning the case, the method and manner of conducting the case, including settlement, the entering of an agreement with Plaintiffs' Counsel regarding payment of attorneys' fees and court costs, and all other matters pertaining to the this lawsuit to the fullest extent permitted by law. I understand that I will be bound by any ruling, settlement, or judgment whether favorable or unfavorable. For purposes of this lawsuit, I choose to be represented by Stueve Siegel Hanson LLP, McClelland Law Firm, P.C., Osman & Smay, LLP, and any other attorneys with whom they may associate.

<br>

| | |
|---|---|
| 2/13/2019 | *Laura Perez* <br> B70F1ABC0920451... |
| Date | Signature |

<br>

| |
|---|
| Laura Perez |
| Full Legal Name (print) |

# EXHIBIT 12

DocuSign Envelope ID: 22FE85C4-C915-4D34-9BCA-5C9D5C6851B2

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| **KRYSTAL LOCKETT, et al., individually and behalf of all others similarly situated**<br><br>**Plaintiffs,**<br><br>**vs.**<br><br>**PINNACLE ENTERTAINMENT, INC., et al.,**<br><br>**Defendants.** | **Case No.:** |

## CONSENT TO JOIN
### Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b)

      **I CONSENT TO JOIN THIS LAWSUIT** as a Party Plaintiff seeking unpaid wages and/or overtime against Pinnacle Entertainment, Inc. and its subsidiary casino entities, including Ameristar Casino Council Bluffs, LLC, Ameristar Casino East Chicago, LLC, Cactus Pete's, LLC, Louisiana–I Gaming, A Louisiana Partnership in Commendam, PNK (Baton Rouge) Partnership, PNK (Bossier City), L.L.C., PNK (Lake Charles), L.L.C, PNK (River City), LLC, PNK Vicksburg, LLC, and Washington Trotting Association, LLC ("Defendants"). If this case does not proceed collectively, I also consent to join any subsequent action against any Defendant(s) for unpaid wages and/or overtime. By joining this lawsuit, I designate the Named Plaintiffs as my representatives, and allow them, to the fullest extent possible, to make decisions on my behalf concerning the case, the method and manner of conducting the case, including settlement, the entering of an agreement with Plaintiffs' Counsel regarding payment of attorneys' fees and court costs, and all other matters pertaining to the this lawsuit to the fullest extent permitted by law. I understand that I will be bound by any ruling, settlement, or judgment whether favorable or unfavorable. For purposes of this lawsuit, I choose to be represented by Stueve Siegel Hanson LLP, McClelland Law Firm, P.C., Osman & Smay, LLP, and any other attorneys with whom they may associate.

2/12/2019
_____
Date

_Cynthia J. Kofron_
_____
Signature

Cynthia J. Kofron
_____
Full Legal Name (print)

# EXHIBIT 13

DocuSign Envelope ID: E67DB910-EB20-40F9-9CE4-F3E554D7A702

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| **KRYSTAL LOCKETT, et al., individually and on behalf of all others similarly situated**<br><br>**Plaintiffs,**<br><br>**vs.**<br><br>**PINNACLE ENTERTAINMENT, INC., et al.,**<br><br>**Defendants.** | **Case No.:** |

**CONSENT TO JOIN**
**Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b)**

    **I CONSENT TO JOIN THIS LAWSUIT** as a Party Plaintiff seeking unpaid wages and/or overtime against Pinnacle Entertainment, Inc. and its subsidiary casino entities, including Ameristar Casino Council Bluffs, LLC, Ameristar Casino East Chicago, LLC, Cactus Pete's, LLC, Louisiana–I Gaming, A Louisiana Partnership in Commendam, PNK (Baton Rouge) Partnership, PNK (Bossier City), L.L.C., PNK (Lake Charles), L.L.C, PNK (River City), LLC, PNK Vicksburg, LLC, and Washington Trotting Association, LLC ("Defendants"). If this case does not proceed collectively, I also consent to join any subsequent action against any Defendant(s) for unpaid wages and/or overtime. By joining this lawsuit, I designate the Named Plaintiffs as my representatives, and allow them, to the fullest extent possible, to make decisions on my behalf concerning the case, the method and manner of conducting the case, including settlement, the entering of an agreement with Plaintiffs' Counsel regarding payment of attorneys' fees and court costs, and all other matters pertaining to the this lawsuit to the fullest extent permitted by law. I understand that I will be bound by any ruling, settlement, or judgment whether favorable or unfavorable. For purposes of this lawsuit, I choose to be represented by Stueve Siegel Hanson LLP, McClelland Law Firm, P.C., Osman & Smay, LLP, and any other attorneys with whom they may associate.

2/13/2019
_____
Date

_____
Signature

Racal Johnson
_____
Full Legal Name (print)

# EXHIBIT 14

DocuSign Envelope ID: 158F6692-3C05-40E8-98D9-BF5B636D10F3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| **KRYSTAL LOCKETT, et al., individually and on behalf of all others similarly situated**<br><br>**Plaintiffs,**<br><br>**vs.**<br><br>**PINNACLE ENTERTAINMENT, INC., et al.,**<br><br>**Defendants.** | **Case No.:** |

## CONSENT TO JOIN
### Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b)

**I CONSENT TO JOIN THIS LAWSUIT** as a Party Plaintiff seeking unpaid wages and/or overtime against Pinnacle Entertainment, Inc. and its subsidiary casino entities, including Ameristar Casino Council Bluffs, LLC, Ameristar Casino East Chicago, LLC, Cactus Pete's, LLC, Louisiana–I Gaming, A Louisiana Partnership in Commendam, PNK (Baton Rouge) Partnership, PNK (Bossier City), L.L.C., PNK (Lake Charles), L.L.C, PNK (River City), LLC, PNK Vicksburg, LLC, and Washington Trotting Association, LLC ("Defendants"). If this case does not proceed collectively, I also consent to join any subsequent action against any Defendant(s) for unpaid wages and/or overtime. By joining this lawsuit, I designate the Named Plaintiffs as my representatives, and allow them, to the fullest extent possible, to make decisions on my behalf concerning the case, the method and manner of conducting the case, including settlement, the entering of an agreement with Plaintiffs' Counsel regarding payment of attorneys' fees and court costs, and all other matters pertaining to the this lawsuit to the fullest extent permitted by law. I understand that I will be bound by any ruling, settlement, or judgment whether favorable or unfavorable. For purposes of this lawsuit, I choose to be represented by Stueve Siegel Hanson LLP, McClelland Law Firm, P.C., Osman & Smay, LLP, and any other attorneys with whom they may associate.

2/14/2019
_____
Date

_____
Signature

A358C7BEC56D494...

Wayne Sheffield
_____
Full Legal Name (print)