IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| **KRYSTAL LOCKETT, et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No.: 4:19-cv-00358-GAF |
| | ) | |
| **PINNACLE ENTERTAINMENT, INC., et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**FOREIGN SUBSIDIARY DEFENDANTS' MOTION TO TEMPORARILY
STAY DISCOVERY AND INCORPORATED SUGGESTIONS IN SUPPORT**

Foreign Subsidiary Defendants Ameristar Casino Council Bluffs, LLC; Ameristar Casino East Chicago, LLC; Cactus Pete's, LLC; Louisiana-I Gaming, A Louisiana Partnership in Commendam; PNK (Baton Rouge) Partnership; PNK (Bossier City), L.L.C.; PNK (Lake Charles), L.L.C.; PNK Vicksburg, LLC; and Washington Trotting Association, LLC (collectively, the "Foreign Subsidiary Defendants"), by their attorneys, respectfully move this Court to stay discovery directed at the Foreign Subsidiary Defendants until personal jurisdiction over the Foreign Subsidiary Defendants is decided.[1]

**I.      INTRODUCTION**

Plaintiffs originally filed this lawsuit in Nevada, despite the fact (1) parallel and overlapping *Allen*[2] litigation was pending in this Court; (2) the named Plaintiffs had already opted into *Allen*; and (3) the District of Nevada did not have personal jurisdiction over Defendants Ameristar Casino Council Bluffs, LLC; Ameristar Casino East Chicago, LLC;

---

[1] By filing this Motion, the Foreign Subsidiary Defendants are not waiving and are, in fact, specifically preserving any and all defenses and arguments, including those set forth in the pending jurisdictional motion to dismiss. Dkt. #56.

[2] *Allen et al. v. Pinnacle Entertainment, Inc., et al.*, No. 4:17-cv-00374-GAF (W.D. Mo. May 12, 2017).

Louisiana-I Gaming, A Louisiana Partnership in Commendam; PNK (Baton Rouge) Partnership; PNK (Bossier City), L.L.C.; PNK (Lake Charles), L.L.C.; PNK Vicksburg, LLC; PNK (River City), LLC, and Washington Trotting Association, LLC (collectively, the "Nevada Foreign Subsidiary Defendants").

The Nevada Foreign Subsidiary Defendants filed a Motion to Dismiss under Rule 12(b)(2) for lack of personal jurisdiction in the District of Nevada. All Defendants filed a Motion to Change Venue, although the Nevada Foreign Subsidiary Defendants only joined in that motion **subject to** their objection pursuant to Rule 12(b)(2) that the District of Nevada lacked personal jurisdiction over them. *See* Dkt. #31 at 2, n.1.[3]

Plaintiffs filed a response to the Motion to Change Venue, agreeing transfer to this Court was appropriate. The District of Nevada accordingly transferred the case to the Western District of Missouri on May 3, 2019. *See* Dkt. #52.

The Missouri Foreign Subsidiary Defendants, with personal jurisdictional arguments still available to them, filed a renewed Motion to Dismiss based on lack of personal jurisdiction on May 15, 2019.[4] Dkt. #56. That Motion is pending before this Court.

Requiring the Foreign Subsidiary Defendants to participate in discovery, including searching for, gathering, and producing responsive documents to over 100 document requests served on each of the nine Foreign Subsidiary Defendants, when it has not even been determined whether those Defendants are properly before this Court, is unfair and unduly burdensome. It is further inconsistent with the notion that this Court does not have jurisdiction over those Defendants. And, finally, it defeats all due process principles set forth in the United States

---

[3] Joining the Motion to Change Venue did not waive the Nevada Foreign Subsidiary Defendants' jurisdictional objection and arguments.

[4] All Defendants (subject to the Foreign Subsidiary Defendants Motion to Dismiss for lack of personal jurisdiction) additionally renewed their motion to dismiss Plaintiffs' claims related to the gaming license deduction under Rule 12(b)(6). *See* Dkt. #58.

Supreme Court cases discussed in Defendants' pleadings. *See*, *e.g., Daimler AG v. Bauman*, 134 S. Ct. 746, 753 (2014); *see also Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cty*, 137 S. Ct. 1773 (2017); *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 131 S. Ct. 2846 (2011).

Defendants hoped to avoid asking this Court to intervene before the personal jurisdiction issue was answered, at least preliminarily, and have worked with Plaintiffs in good faith to that end. For example, despite no Rule 16 notice having been issued to date, Defendants, subject to the preservation of all their defenses, participated in the Rule 26(f) Conference conducted on July 19, 2019.[5] As noted in the Joint Proposed Scheduling Order and Discovery Plan, the Foreign Subsidiary Defendants continued to *not* waive (and in fact, to affirmatively *preserve*) any "defenses and arguments included in their … pending motions to dismiss," including their personal jurisdiction defense. *See* Dkt. #88 at n.1.

Plaintiffs then insisted that the Foreign Subsidiary Defendants be included in the proposed protective order provided to this Court. Defendants, again, to enhance efficiency, agreed to include the Foreign Subsidiary Defendants under the umbrella of the protective order, provided Plaintiffs would not use their cooperation against them – language was again added specifically preserving all defenses in the pending motions to dismiss, including the personal jurisdiction motion.

---

[5] With no Rule 16 notice having been issued, Defendants questioned the necessity of the Rule 26(f) Conference at that time. Plaintiffs pushed, however, stating the conference must occur. Defendants agreed to participate to help increase efficiency and to ensure cooperation between the parties moving forward in the litigation. Defendants were clear with Plaintiffs at the conference on July 19 that the Foreign Subsidiary Defendants would not produce documents in response to Plaintiffs' written discovery (served on June 17, 2019) or engage in any other discovery until the personal jurisdiction issue was resolved. Plaintiffs opined that they believed the personal jurisdiction issue would be resolved in their favor by mid-August when Defendants' responses were due. Of course, as we now know, Plaintiffs were not correct.

Finally, the Foreign Subsidiary Defendants have taken the steps they deem necessary and reasonable in response to Plaintiff's June 17, 2019 written discovery requests in an effort to preserve their personal jurisdiction arguments. Plaintiffs propounded more than 100 Requests for Production on each and every Defendant, for a total of more than **1,100 requests for production**.

On August 26, 2019, Defendants Pinnacle and River City, the non-foreign Defendants, responded to each and every request, and agreed, subject to objections, to produce responsive documents and to cooperate with Plaintiffs in further shaping the scope of discovery, including with regard to electronically stored information. Also, on August 26, 2019, the Foreign Subsidiary Defendants objected to Plaintiffs' Requests, spanning 55 pages, and re-informed Plaintiffs that they would "not *produce* responsive documents until and unless ... the Foreign Subsidiary Defendants [were deemed] proper parties, subject to the Court's jurisdiction."

On August 27, 2019, Plaintiffs' counsel sent a "golden rule" letter to Defendants' counsel regarding the Foreign Subsidiary Defendants' Responses to Plaintiffs' First Requests for Production. Plaintiffs incorrectly characterized the Foreign Subsidiary Defendants' responses as a "unilateral refusal to participate in discovery."[6] Plaintiffs' assertion is wrong. The Foreign Subsidiary Defendants *did not* unilaterally refuse to participate in discovery; they actually provided Plaintiffs with 55 pages in which they objected, but also agreed to provide responsive documents *if* they were ultimately determined to be subject to this Court's jurisdiction.[7]

---

[6] Plaintiffs' counsel goes so far as to incorrectly state that the Foreign Subsidiary Defendants "simply refuse[d] to respond to properly served discovery" even though the Foreign Subsidiary Defendants provided Plaintiffs with 55 pages in response to the discovery.

[7] Counsel for the parties conducted a telephone conference on August 29, 2019, to discuss this dispute. Plaintiffs' counsel stated that he believed a Motion to Stay was required. Defendants did not agree with Plaintiff's counsel's statement. Defendants are nevertheless filing this Motion in an effort to (again) cooperate, resolve this dispute, and efficiently handle this case.

Though Plaintiffs suggest that the Foreign Subsidiary Defendants' discovery responses came as a surprise, Plaintiffs err. They have been well aware of Defendants' continuing effort to minimize any discovery related to the Foreign Subsidiary Defendants in light of the important due process considerations associated with the pending jurisdictional motion. While Defendants have sought to be cooperative and to work with Plaintiffs in being efficient with regard to this litigation, Plaintiffs now claim the Foreign Subsidiary Defendants were required to file a motion to stay discovery or seek a protective order before providing objections, and accordingly, the Foreign Subsidiary Defendants must provide responsive documents despite their pending jurisdictional motion.

Because participation in broad discovery would be a violation of due process, unduly burdensome, and a complete waste of time and resources to the Foreign Subsidiary Defendants if they are not subject to this Court's jurisdiction, and due to Plaintiffs' unwillingness to allow the Foreign Subsidiary Defendants to wait to produce responsive documents until the jurisdictional motion is ruled upon, the Foreign Subsidiary Defendants are now seeking temporary relief from this Court.[8]

## II. LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Blacktop, Inc. v. Edible Arrangements Int'l, LLC*, No. 4:14-CV-00005-DGK, 2014 WL 12695690, at *1 (W.D. Mo. Apr. 30, 2014) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see also* Fed. R. Civ. P 26(c)(1) (noting the district court "has

---

[8] This is not a discovery motion raised pursuant to Rule 37 or Local Rule 37.1, but rather derives from the Court's inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Blacktop*, 2014 WL 12695690, at *1 (quoting *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)); *see also generally* Fed. R. Civ. P. 26(c). Defendants are nevertheless willing to participate in a telephone conference with Plaintiffs' counsel and the Court if the Court so wishes.

5

broad discretion to control the scheduling of events in matters on its docket"); *Jones v. Clinton*, 72 F.3d 1354, 1361 (8th Cir. 1996). When a motion to stay discovery or other proceedings is sought, the party seeking the stay must show good cause and establish the stay's necessity. *See Perkins v. Missouri*, Case No. 4:18-00835-CV-RK, 2019 WL 332811, at *1 (W.D. Mo. Jan. 25, 2019) (quoting *Blacktop*, 2014 WL 12695690, at *1).

Where the stay is being sought pending the outcome of a dispositive motion, a court considers several factors, including (a) the movant's likelihood of success on the merits of the underlying motion; (b) whether the movant will be irreparably harmed if no stay is granted; (c) the breadth of the pending discovery; (d) balancing of the harms posed by delaying discovery against the possibility the motion will dispose of the case entirely; (e) the public interest; and (f) judicial economy. *Perkins*, 2019 WL 332811, at *1 (quoting *Blacktop*, 2014 WL 12695690, at *1). While filing a motion to dismiss does not in and of itself constitute good cause to grant a stay, a "stay of proceedings is *routine* where jurisdictional challenges are pending." *Emerson v. Lincoln Elec. Holdings, Inc.*, Case No. 09-6004-CV-SJ-GAF, 2009 WL 690181, at *1 (W.D. Mo. Mar. 12, 2009) (emphasis added). Overall, a court "should construe and administer discovery 'to secure [a] just, speedy, and inexpensive determination.'" *NextGen HBM, Inc. v. ListReport, Inc.*, Civ. No. 16-3143-SRN-FLN, 2017 WL 8229442, at * 2 (D. Minn. Feb. 9, 2017) (quoting Fed. R. Civ. P. 1).

### III. ARGUMENT

It would be unfair to require the Foreign Subsidiary Defendants to participate in expansive and costly document production when no decision regarding due process and jurisdiction over those nine Defendants has been made. The Foreign Subsidiary Defendants merely seek a *temporary* stay of the discovery directed to them consistent with due process; a

6

final decision related to the personal jurisdiction question will significantly shape subsequent discovery in this matter.

### A. The Court Should Stay Discovery as to the Foreign Subsidiary Defendants Until the Jurisdictional Issue is Fully Resolved.

As the Foreign Subsidiary Defendants have filed a motion to dismiss based on lack of personal jurisdiction, the Court should stay discovery related to Plaintiffs' Amended Complaint with regard to the Foreign Subsidiary Defendants until the jurisdictional issue is resolved. Courts often stay or limit discovery where there is a pending motion to dismiss based on lack of jurisdiction. *See, e.g.*, *Emerson*, 2009 WL 690181, at *1 (where a summary review of the jurisdictional motion showed that jurisdiction "*may* well be lacking" it was proper to stay discovery until the resolution of the jurisdictional matters) (emphasis added); *NextGen*, 2017 WL 8229442, at *2; *see also Steinbuch v. Cutler*, 518 F.3d 580, 590 (8th Cir. 2008) (stay of discovery affirmed where plaintiff could not make *prima facie* showing of personal jurisdiction); *Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 675 (S.D. Cal. 2001) (citing *Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1291 (5th Cir. 1994)) (discovery beyond jurisdictional issues would be waste of time if defendants prevailed on motion to dismiss based on lack of personal jurisdiction); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-CV-0193-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (thirty-day discovery stay granted "to allow for the potential for a ruling on the [jurisdictional] motion to dismiss"). As such, it is appropriate that this Court temporarily stay discovery directed to the Foreign Subsidiary Defendants until the personal jurisdiction issue is resolved.

### B. The Factors Weigh Heavily in Favor of Granting the Foreign Subsidiary Defendants' Motion to Temporarily Stay Discovery.

All factors to be considered by this Court to temporarily stay discovery with regard to the Foreign Subsidiary Defendants heavily lean in favor of granting this Motion.

7

### 1. The Foreign Subsidiary Defendants are Likely to Succeed in Their Motion to Dismiss for Lack of Personal Jurisdiction.

First, Defendants will likely succeed on the merits of their dismissal motions. While Defendants will not re-raise the arguments contained therein, a brief review of the motions will show the Court that the arguments establish a strong basis for dismissal based on due process and Plaintiffs' failure to demonstrate that jurisdiction over the Foreign Subsidiary Defendants is proper in this Court. *See* Dkt. #56. Should the Court find in favor of the Foreign Subsidiary Defendants on their jurisdictional motion, the entire complexion of this litigation will dramatically change—as will the parameters and scope of discovery.

### 2. The Foreign Subsidiary Defendants will be Irreparably Harmed if No Temporary Stay is Granted Due to the Breadth and Volume of Plaintiffs' Pending Written Discovery.

The discovery propounded by Plaintiffs is vast and wide-ranging. Plaintiffs have made **104** Requests for Production to each named Defendant, totaling over 1,100 requests. Those requests seek a wide range of documents and information, including numerous employment records and files, communications, payroll data, among others, for the time period from January 1, 2014, to the present. The breadth of the discovery requested is immense; the Foreign Subsidiary Defendants are not basing this assertion on mere speculation, but on the actual requests propounded. *Cf. Blacktop, Inc. v. Edible Arrangements Int'l, LLC*, No. 4:14-CV-00005-DGK, 2014 WL 12695690, at * 1 (W.D. Mo. Apr. 30, 2014) (no undue harm where ***initial*** discovery obligations were ***minimal***); *Ferrari v. Best Buy Co., Inc.*, Civ. No. 14-2956-MJD-FLN, 2014 WL 11498023, at *1 (D. Minn. Dec. 4, 2014) (assertion of undue burden based on breadth of discovery discounted by court where plaintiff ***had not yet*** served discovery). For the Foreign Subsidiary Defendants to comply with these discovery requests—when this Court does not (may not) have jurisdiction over them—would be unduly burdensome and a violation of due

process. The time and expense necessary to comply with Plaintiffs' expansive document requests would undoubtedly be substantial.

Until it is established that this Court has jurisdiction over the Foreign Subsidiary Defendants, the burden placed on the Foreign Subsidiary Defendants would far outweigh any benefit Plaintiffs would derive from any premature full participation in discovery. *See, e.g.*, *Emerson*, 2009 WL 690181, at *1 (the court's refusal to grant a stay when jurisdictional motion is pending "could cause Defendant to unnecessarily expend resources"); *Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 675 (S.D. Cal. 2001) ("allowing discovery … would place a burden on Defendant which far exceeds any benefit Plaintiff would derive"); *see also* Fed. R. Civ. P. 26(b)(1) (the proper scope of discovery must be considered in light of "whether burden or expense of the proposed discovery outweighs its likely benefit").

Accordingly, until the jurisdictional issue is decided, the burden that would be placed on the Foreign Subsidiary Defendants in full participation in discovery would far outweigh any benefit Plaintiffs would derive at this juncture in the litigation. Additionally, the Foreign Subsidiary Defendants would suffer irreparable harm—through the costs and time needed to fully respond to Plaintiffs' Requests, as well as the disclosure and exchange of otherwise confidential documents—if forced to participate in discovery where jurisdiction over them does not (may not) exist.

> **3. Plaintiffs Will Not be Disproportionately Harmed by a Temporary Stay of Discovery, as Any Stay Would be Short in Duration and Limited Only to Those Defendants Contesting this Court's Jurisdiction.**

Not only would it be overly burdensome for the Foreign Subsidiary Defendants to comply with the voluminous discovery requests now, Plaintiffs would not be unduly harmed by a temporary stay in non-jurisdictional discovery directed to the Foreign Subsidiary Defendants. Presumably, at this point, the duration of any stay would be relatively short as the jurisdictional

motion is fully briefed. *See, e.g.*, *Emerson v. Lincoln Elec. Holdings, Inc.*, No. 09-6004-CV-SJ-GAF, 2009 WL 690181, at *1 (W.D. Mo. Mar. 12, 2009) (noting that any "potential prejudice to [plaintiff would be] minimal" where the stay would last only until a decision was made on transfer or dismissal). In fact, if any alleged prejudice resulted to Plaintiffs, it would likely be minimal or could be remedied by the Court (if / as appropriate). This Court should stay discovery directed to the Foreign Subsidiary Defendants until the jurisdiction issue is resolved.

        **4.    The Public Interest and the Interests of Judicial Economy Weigh in Favor of Staying Discovery Towards the Foreign Subsidiary Defendants.**

Finally, should the Foreign Subsidiary Defendants be forced to engage in substantial discovery, including searching for, gathering, reviewing and producing responsive documents, such activity could lead to additional discovery disputes involving the Court's time and resources to resolve. The Court need not expend resources on disputes or issues that may not arise otherwise. Moreover, the entire purpose behind a personal jurisdiction requirement, including due process, would be thwarted. The needs of judicial economy weigh in favor of granting a temporary stay of discovery until the personal jurisdiction issue is decided.

Because due process and the factors weigh greatly in favor of the Foreign Subsidiary Defendants' Motion to Temporarily Stay Discovery directed to them, the Court should grant the motion.

## IV. CONCLUSION

WHEREFORE, for good cause shown, the Foreign Subsidiary Defendants request that this Court enter an Order staying all discovery directed to them until this Court rules on the pending motion to dismiss for lack of personal jurisdiction.

Respectfully submitted,

POLSINELLI PC

By: /s/ Jason N.W. Plowman
DENISE K. DRAKE (MO #43351)
TRAVIS L. SALMON (MO# 53090)
JASON N.W. PLOWMAN (MO #67495)
900 W. 48th Place, Suite 900
Kansas City, MO 64112
Telephone: (816) 753-1000
Facsimile: (816) 753-1536
ddrake@polsinelli.com
tsalmon@polsinelli.com
jplowman@polsinelli.com

ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 3, 2019, a true and correct copy of the foregoing document was filed electronically through the Court's CM/ECF system and, therefore, will be transmitted to all counsel of record by operation of the Court's CM/ECF system.

Jenny L. Foley
Marta D. Kurshumova
HKM Employment Attorneys LLP
1785 East Sahara, Suite 300
Las Vegas, Nevada 89104
jfoley@hkm.com
mkurshumova@hkm.com
Tel.: (702) 805-8340
Fax: (702) 625-3893

George A. Hanson
Alexander T. Ricke
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
hanson@stuevesiegel.com
ricke@stuevesiegel.com
Tel.: (816) 714-7100
Fax: (816) 714-7101

ATTORNEYS FOR PLAINTIFFS

Matthew E. Osman
Kathryn S. Rickley
Osman & Smay LLP
8500 W. 110th Street, Suite 330
Overland Park, KS 66210
(913) 667-9243
Fax: (866) 470-9243
mosman@workerwagerights.com
krickley@workerwagerights.com

Ryan L. McClelland
Michael J. Rahmberg
McClelland Law Firm
The Flagship Building
200 Westwoods Drive
Liberty, MO 64068-1170
(816) 781-0002
Fax: (816) 781-1984
ryan@mcclellandlawfirm.com
mrahmberg@mcclellandlawfirm.com

ATTORNEYS FOR PLAINTIFFS

                                              */s/ Jason N.W. Plowman*
                                              Attorney for Defendants